MOBILE AND OHIO RAILROAD COMPANY *v.* B. E. DALE.

1. PRACTICE. *Jurisdiction. Appeal.*
   A defendant in a justice's court, who appeals from a judgment by default on personal service apparently regular, cannot avail himself in the circuit court of the fact that he received no copy of the summons.

2. RAILROADS. *Killing animals. Burden of proof.*
   The burden of showing care placed on a railroad company under the statute by proof that its train killed an animal, is not met by evidence that the whistle was heard blowing at the time of the occurrence.

APPEAL from the Circuit Court of Chickasaw County.

J. W. BUCHANAN, Judge.

On September 5, 1883, the appellee sued in a justice's court for the value of a colt killed by the appellant's train, and summons was returned "executed upon W. W. Allen, agent of the Mobile and Ohio Railroad Company, by reading to him the within and also by giving him a true copy, September 5, 1883." On September 10, 1883, judgment by default was rendered, and on September 15,

1883, the railroad company appealed to the circuit court, which met on September 17, 1883.  In the latter court, the railroad agent made oath that the officer who served the writ had given him no copy, and that from his consequent inability to advise the company of the nature of the suit, the engineer and fireman of the train, who would swear for the defendant, had not been cited to attend, and he asked for a continuance to enable him to prepare the defense, which was refused.  The defendant then stated by counsel that an amended affidavit would be filed ; and the jury came on September 21, 1883, and was impaneled for the trial.  The court asked if the parties were ready.  The plaintiff said, Yes.  The defendant made no answer.  Thereupon the plaintiff introduced a witness who testified that he saw the train, which whistled and ran faster by a place where he afterward found the colt near the track with its hind legs cut and ribs broken, and that hair and blood marks appeared on the cross-ties for several yards. before the body was reached ; and this was all the evidence.  The defendant asked the court to charge that " it is not incumbent upon the defendant to check its· speed in order to prevent the killing of stock upon its track, and if the jury believe from the evidence that an alarm, by blowing the whistle, was given by the engineer of the train by which the plaintiff's colt was killed, they must believe that the servants of the company were not guilty of improper skill and care, and the burden of proof is then changed to and is upon the plaintiff to show negligence and want of. proper care and skill on the part of the defendant, and if the jury believe from the evidence that the plaintiff has not shown affirmatively such negligence they must find for the defendant."  This instruction was refused, and the plaintiff recovered judgment.

*McIntosh, Williams & Orr*, for the appellant.

1. Speed and punctuality in the movement of trains and the safety of passengers are paramount considerations, to which private interest in property found on the track without right is subordinate. Railroads are an important economic factor.  By them all parts of the country are connected.  They are the trucks on which commerce moves.  They knit together the varied interests of mankind

in mutual intercourse for the benefit of all. They mingle the grains of the North with the fruits of the South, the manufactures of the East with Western minerals. They distribute the products of every section among the inhabitants of every other, making us one country, one people with one destiny. Upon the regular and prompt delivery of their burdens oftentimes depend the fortunes of the rich and the bread of the poor; and hence, if the convenience and business of the public demands rapid transportation, they are not restrained from meeting the requirement, because the danger to stock is greater from a fast train than a slow one. *Memphis Railroad Co.* v. *Blakeney,* 43 Miss. 218; *New Orleans Railroad Co.* v. *Field,* 46 Miss. 573; *Chicago Railroad Co.* v. *Patchin,* 16 Ill. 198; *Louisville Railroad Co.* v. *Ballard,* 2 Met. (Ky.) 177; *Needham* v. *San Francisco Railroad Co.,* 37 Cal. 409; *Maynard* v. *Boston Railroad Co.,* 115 Mass. 458; Pierce on Railroads 406.

2. At the time of the trial, the circuit court had no jurisdiction of the case. The summons was not served. No copy was given to the agent. It is true the appearance by appeal puts the defendant in court, but on general principles it cannot be more binding, than if the defendant had been served with summons. If, then, the summons had been served less than five days before court, the defendant could not have been required to go into trial at the first term. This was certainly a sufficient showing for a continuance. The fact that these matters were not fully stated in the application makes no difference, for they appear upon the record. Law, like the dew of heaven, should fall equally upon all.

*Harper & Baskin,* for the appellee.

The court certainly had jurisdiction after the defendant appeared. Want of time to prepare the defense cannot avail the company, because no defense is stated in the affidavit. The amended showing for a continuance was not presented, and time to prepare it was not asked. As to the rejected charge, it was clearly erroneous. When the plaintiff made her *prima facie* case under the statute, the burden of proof was upon the company to show skill and care in every particular. Blowing the whistle was not alone sufficient. Perhaps the colt would have escaped if the speed had not been

increased.   To run for five minutes at the rate of a mile or two an hour slower would not destroy the schedule.

CHALMERS, J., delivered the opinion of the court.

The circuit court was not deprived of jurisdiction even though it was shown that the defendant had not received a copy of the summons in the justice's court and had not waived a copy.   The judgment by default in the justice's court was rendered on a return of process proper and correct on its face, and therefore, though in fact irregularly rendered, was not a nullity.   The defendant, by its appeal and appearance in the circuit court, gave that court jurisdiction, and the case being there triable *de novo*, the failure to give a copy of the summons in the lower court was immaterial, because the judgment in the justice's court was based upon personal though defective service.   It not being a nullity, the circuit court had jurisdiction of the subject-matter, and the prosecution of the appeal gave jurisdiction of the person of the appellees and the right to try the case *de novo*.   The first affidavit for a continuance was manifestly and confessedly insufficient, and the court did not, as contended by counsel for the appellant, refuse time to amend it.   It is shown by the bill of exceptions that counsel for the defendant did not ask for time to prepare an amended affidavit.   The charge asked by the defendant was properly refused.   It asked the court to instruct the jury that if they believed that a whistle was blown by the locomotive of the defendant, this fact devolved upon the plaintiff the burden of showing negligence on the part of the defendant. This was manifestly improper.   The statute imposes upon the railroad company, the fact of the injury by their cars having been established, the burden of showing the exercise of all proper skill and care upon its part.   It does not meet this burden by showing the exercise of due care in one particular only, to wit: in the blowing of a whistle.

*Affirmed.*