## T. C. BEDFORD v. LOUISVILLE, NEW ORLEANS & TEXAS R. R. Co.

1. RAILROAD COMPANY. *Killing of animal by running train. Peremptory instruction. Section 1059, Code of 1880.*

   Where a plaintiff in an action for damages shows, under Section 1059, Code of 1880, which makes proof of injury inflicted *prima facie* evidence of negligence, that certain of his animals were struck and killed by a running train of the defendant railroad company, and the defendant then shows, by undisputed evidence, that its servants did everything possible to prevent the killing, it is proper for the court to direct a verdict in favor of the defendant.

2. SAME. *Killing animals. Sufficiency of evidence to warrant instruction for defendant. Case in judgment.*

   In an action for damages against a railroad company for killing a mare, plaintiff showed that the animal was killed by a running train of defendant. The engineer testified for the defendant that he saw the animal running ahead of his train about forty yards; that he then sounded the whistle, but the train did not perceptibly check up; that it would have been impossible to stop the train before striking the animal. *Held*, that it was error for the court to direct a verdict for the defendant upon such evidence, as it does not show that everything was done which might have been done to avoid the collision of the train with the mare.

APPEAL from the Circuit Court of Warren County.

HON. RALPH NORTH, Judge.

This is an action for damages brought by T. C. Bedford against the Louisville, New Orleans & Texas Railroad Company. The declaration alleges that defendant by carelessness and negligence in running its trains killed two mares and a colt, on Feb. 27, 1887, and injured a gray mare, on March 3, 1887, all the property of plaintiff.

On the trial the plaintiff introduced evidence to show that the several animals were killed or injured by contact with the running trains of defendant, and rested. The defendant then introduced evidence (the testimony of the engineer) to the effect that the night on which the two mares and colt were killed was foggy and dark; that the headlight only lighted about twenty five yards ahead; that the train was running at between forty and

fifty miles per hour; that the animals were killed "just beyond a curve;" that the animals were not seen by the engineer until the train "was right on them," and that the engineer had no time to give an alarm or stop his train before they were struck. The defendant's engineer also testified that the night on which the gray mare was killed was a clear starlight night; that he saw the gray mare about thirty or forty yards ahead, and about forty feet from the track, running as if to cross; that he blew the stock whistle, but the train, which was running at about thirty-five miles per hour, did not perceptibly check up; that it would have been impossible to stop the train before striking the animal.

Thereupon the court instructed the jury to find for the defendant, which was done, and there was judgment accordingly. The plaintiff appealed.

*Shelton & Crutcher*, for the appellant.

1. The evidence introduced by the defendant was wholly insufficient to rebut the *prima facie* case under Sec. 1059, Code of 1880, or at most there was a doubt and the question should have been left to the jury.

2. In all cases of this class the plaintiff has made out his case the moment he proves the killing by the railroad, so that an instruction then to find for the defendant would be erroneous. It can never be proper to grant this instruction where the plaintiff has made out his case and the defendant must introduce testimony to contradict or explain anything. We think it is error to grant it whenever it becomes necessary for the defendant to introduce evidence for any purpose. Such an instruction should be granted by reason of the failure of the plaintiff's testimony, not by reason of its contradiction by the defendant.

*Murray F. Smith*, for the appellee.

It will be seen that the testimony of defendant shows that everything was done that could be to prevent the killing of the animals. There is no conflict of evidence, but only a question of its sufficiency, and this was properly a question for the judge, and not for the jury.

CAMPBELL, J., delivered the opinion of the Court.

It was wrong to instruct the jury to find for the defendant as to the gray mare, for as to that killing the evidence does not show that everything was done which could and should have been to avoid collision between the mare and the train. The only witness, the engineer, testified that when he saw her running to the railroad he sounded the cattle whistle, and that is all that he claimed to have done. He did not say that was all he could have done properly for the safety of the animal, and the court cannot affirm as matter of law that it was. It may have been, but that is not so apparent as to authorize a direction to find for the defendant. In all else the judgment is affirmed; but as to the action for killing the gray mare, the judgment is reversed and a new trial awarded.