LOUISVILLE, NEW ORLEANS AND TEXAS RY. CO. *v.* HENRY SMITH.

1. RAILROADS.  *Presumption of negligence.  Instruction.  Code 1880, § 1059.*

In an action against a railroad company where injury to an animal caused by its running cars is shown, a presumption arises of negligence on the part of defendant, and the court should not instruct the jury that notwithstanding this presumption, if the facts of the injury appear, they cannot find for plaintiff unless these show such negligence.  The necessity for exculpation from negligence in such case is on the defendant.  Code 1880, § 1059.

2. SAME.  *Killing stock.  Presumption overcome.*

In such action, if the uncontradicted testimony of the engineer is that he was at his post; that the mule was killed at night by a lengthy freight train, running twenty-three miles an hour; that the mule came upon the track about ten yards ahead of the engine; that the stock alarm was promptly sounded, and that the train could not be stopped before striking the animal, a peremptory instruction for defendant is proper.

FROM the circuit court of Tunica county.

HON. GEORGE WINSTON, Judge.

This suit was begun by appellee in the justice court to recover the value of a mule killed by the engine of appellant.  Apart from the evidence of value and the fact of killing, the only testimony in the case was that of the plaintiff and the engineer.  The former testified that he found his mule after it was struck lying near the track of appellant's railroad.  There were blood-spots on the track for about one hundred yards south of where the mule was found, as if it had been run over and dragged.  Beyond where these signs stopped there were tracks extending another one hundred yards.  These tracks must have been made by mules running, for the ground was too hard and dry for them to have been made by mules walking.  Plaintiff's mule was running out with three others, and from the tracks on the railroad plaintiff could not say whether one or more mules were running, or which way they were going.  The tracks came upon and extended about fifty yards on the track and then went off along the embankment,

and then back on the track again, and then the marks of blood began.

The engineer testified that when the mule was struck it was at night, and the train was running about twenty-three miles an hour. The train consisted of fifteen loaded and thirty-five empty freight cars. He was at his post on the engine, and when he first discovered the mule it was either on the track or just coming upon it, about ten yards ahead of the engine, and the animal ran only four or five yards before being struck by the engine. He sounded the cattle alarm when he saw the mule, but made no effort to stop, as there was not time to apply the breaks.

The court refused to grant for the plaintiff the following charge :—

" 3. The jury are instructed that where the R. R. Co. is shown to have killed stock there is a *prima facie* presumption of negligence on its part, but that when the facts and circumstances of the killing are shown they cannot find for the plaintiff, unless those facts and circumstances show negligence on the part of the company."

The court also refused to give a peremptory instruction to the jury to find for the defendant. The case was submitted to the jury and resulted in a verdict for plaintiff. Motion for new trial was overruled, and defendant appealed.

*W. P. & J. B. Harris,* for the appellant.

The peremptory instruction for defendant ought to have been granted. The testimony of the plaintiff corroborates that of the engineer, and it is clear that everything possible was done to avoid the injury.

The third instruction was a correct one. The statute merely fixes a rule of evidence by putting the burden of proof on the defendant when the killing is shown, but when the circumstances are given the jury cannot find for plaintiff, unless these facts show negligence.

*F. A. Montgomery, Jr.,* for appellee.

The case presented a mere question of fact for the jury. *Ross* v. *R. R. Co.,* 62 Miss. 23. Even if the engineer's testimony is

true, it yet appears that the company was at fault; no effort was made to stop the train.   *Bedford* v. *Ry. Co.,* 65 Miss. 385.   The issue was properly submitted to the jury.   Code 1880, § 1059; *V. & M. R. R. Co.* v. *Phillips,* 64 Miss. 693; *M. & O. R. R. Co.* v. *Holt,* 62 Ib. 170; *L. N. O. & T. Ry. Co.* v. *Conroy,* 63 Ib. 562; *I. C. R. R. Co.* v. *Weathersby,* Ib. 581.

CAMPBELL, J., delivered the opinion of the court.

The third instruction asked by the defendant was properly refused, for the effect of the statute, § 1059 of the code, is to devolve on the railroad company the necessity of exculpation from negligence in causing the injury shown to have been done, and unless it does this it is liable.

The court should have given the instruction asked by defendant that the verdict should be for it.   There is no conflict in the evidence, and that of the defendant, which consists with that for the plaintiff, exonerates the defendant from all blame.

*Reversed and remanded.*