SOUTHERN RAILWAY COMPANY *v.* JEHU W. HAYS.

1. RAILROADS. *Live stock on track. Code* 1892, § 1808, *burden of proof.*
    In a suit against a railway company for killing plaintiff's mule on its track. an instruction to the effect that if the mule was killed by the running of defendant's locomotive and cars, then, to escape liability, defendant must show the facts exculpating it, by a preponderance of the evidence, is not erroneous, and not opposed to previous decisions construing code 1892, § 1808, relating to *prima facie* evidence in such cases.

2. CIRCUIT COURT PRACTICE. *Witnesses. Order of introducing. Evidence.*
    It is bad practice for a plaintiff to call an important witness on the main facts of the case for the first time after the close of defendant's testimony. and it should never be permitted unless the failure to previously introduce the witness be caused by necessity or inadvertence.

FROM the circuit court of Montgomery county.

HON. WILLIAM F. STEVENS, Judge.

Hays, the appellant, was the plaintiff and the railway company, appellee, was the defendant in the court below. The suit was for the value of a mule, belonging to plaintiff, killed on the railroad track by a train of defendant. On the trial testimony showing the killing of the mule by appellant's train was made, and appellee rested his case. Witnesses were then called by the defendant whose testimony tended to show that the train was being run with due care and skill, and that everything was done that could have been done by appellant's servants in charge of the train to prevent the killing of the mule after it was seen on the track. Appellee then called a witness, who was standing near the scene of the accident, who testified that the mule was fastened in a trestle, and could have been seen by those in charge in time to have stopped the train before it reached the mule. This evidence was objected to by the de-

fendant, but the objection was overruled. From a judgment in the court below adverse to it the railway company appealed the supreme court.

*S. M. Roane*, for appellant.

Section 1808, code 1892, has no application in cases where all the facts and circumstances are in evidence; and it never was intended to shift the burden of proof from the plaintiff to defendant. Proof of the injury inflicted by the running of locomotives, etc., makes a *prima facie* case for plaintiff, but when all the facts and circumstances are in evidence, then the jury should find for the defendant, unless they can say that the evidence shows want of reasonable care to avoid the injury; but the burden of proof remains on the plaintiff, who must still make out his case by a preponderance of evidence. *Chicago, etc., R. R. Co.* v. *Packwood*, 59 Miss., 280; *Vicksburg, etc., R. R. Co.* v. *Hamilton*, 62 Miss., 503; *Louisville, etc., Ry. Co.* v. *Tate*, 70 Miss., 348; *Hamlin* v. *Yazoo, etc., R. R. Co.*, 72 Miss., 39.

What we object to is that, after all the facts and circumstances of the injury were in evidence, the court, by an instruction, placed the burden of proof on the railway company. The burden of proof never shifts to defendant when all the facts and circumstances are in evidence. The court ought to have given the peremptory instruction asked for by defendant.

It was error to permit plaintiff to hold back his principal witness and introduce him only after the defendant's evidence was all submitted to the jury.

*Hill & Sisson*, for appellee.

This court has repeatedly held that questions of negligence are always to be submitted to the jury, unless the facts are undisputed and the result therefrom unquestionable. *Mississippi, etc., R. R. Co.* v. *Mason*, 51 Miss., 234; *Nesbitt* v. *Greenville*, 69 Miss., 22; *Cantrell* v. *Kansas City, etc., R. R.*

*Co.*, 69 Miss., 435; *Alabama, etc., Ry. Co.* v. *Phillips*, 70 Miss., 14; *Illinois, etc., R. R. Co.* v. *Turner*, 71 Miss., 402.

The correctness of the instruction given for plaintiff in the language of the statute (code 1892, § 1808) has been settled in this court by the decisions in the cases of *Vicksburg, etc., R. R. Co.* v. *Phillips*, 64 Miss., 693, and *Hamlin* v. *Yazoo, etc., R. R. Co.*, 72 Miss., 39, and the court below followed the rule so laid down and instructed in statutory language, and then properly, at defendant's request, told the jury that, the facts and circumstances of the injury being in evidence, the question of skill and care should be decided from the evidence and not from the presumptions.

CALHOON, J., delivered the opinion of the court.

The sole point made in the brief for appellant is that the second charge for plaintiff below was erroneous, in that it places the burden of proof on the defendant, if the jury be satisfied that the mule was killed by the running of defendant's train, to show the facts exculpating it from liability. We cannot agree with counsel that this instruction interferes with any decisions treating of § 1808 of the code. If it did, the skill of counsel neutralized any misconception by his own numerous and adroit instructions.

It is somewhat of a close question whether his peremptory charge should not have been granted on the facts, but, after careful consideration, we think we should not reverse for this. The action on admitting and excluding testimony was not vital, even if erroneous.

It was very bad practice to permit plaintiff to hold out his most important witness until the defense closed, and then offer him on the main facts. Such a course might work great injustice, but in this case we do not feel authorized to reverse merely because of this. We do say, however, that this course should never be permitted unless the testimony was omitted in the opening because of necessity or inadvertence. Orderly

proceedings are important to the proper administration of justice.                                                    *Affirmed.*.