LOUISVILLE, NEW ORLEANS & TEXAS RY. CO. v. LYDIA
A. COOPER.

RAILROADS.  *Personal injuries.  Contributory negligence.*

Plaintiff, a woman, ventured to cross a trestle about 200 feet long, and from which a train could be seen for more than a mile.  When about half across she heard an approaching passenger train, and instead of leaping off, which was not perilous, she ran along the trestle and was overtaken and struck just as she reached its end.  The engineer testified that as soon as he discovered her he sounded the whistle and used every means to stop the train.  *Held,* plaintiff was guilty of contributory negligence and not entitled to recover.

FROM the circuit court of Coahoma county.

HON. R. W. WILLIAMSON, Judge.

Appellee, with two other women, was walking upon the track of appellant's railroad and reached a trestle 212½ feet long.  She knew it was after the time for the passing of the passenger train and supposed it had passed, but admitted that she knew it was sometimes behind time.  After conferring as to the risk, the three started to cross the trestle, but when about half across they discovered that the train was approaching and was very near them.

At its highest point the trestle was about twelve feet high, and near the ends not exceeding three feet high.  The engineer testified that when he first saw the women on the track the engine was 250 or 300 yards from the trestle.  Further facts are stated in the opinion.

Verdict and judgment for plaintiff for $2500.  Motion for new trial overruled, and defendant appeals.

*W. P. & J. B. Harris,* for appellant,

Reviewed all the evidence and contended that plaintiff was grossly negligent in going upon the trestle, and in remaining upon

it after the approach of the train was discovered, and that the railroad company was not at fault. *Strong* v. *C. A. & N. R. R. Co.*, (MS. Op.); *McLellan* v. *I. C. R. R. Co.* (Ib.); *R. R. Co.* v. *Stroud*, 64 Miss. 787; Beach, Con. Neg. § 147; *R. R. Co.* v. *Houston*, 95 U. S. 697; 41 Miss. 131; 47 Ib. 404; 48 Ib. 127; Field on Dam. 561; Shearman & Redfield on Neg. §§ 34, 35; 51 Miss. 543; 54 Ib. 391.

If both plaintiff and defendant were at fault, plaintiff cannot recover. Field on Dam. § 169; *R. R. Co.* v. *Mason*, 51 Miss. 234; *R. R. Co.* v. *McGowan*, 62 Ib. 682. Unless the injury is wilfully and wantonly inflicted. Shearman & Redfield, Neg. 519; 44 Am. Rep. 505; 69 Ala. 106; 56 Mo. 173. Under the evidence there can be no pretense that the injury was wilfully or wantonly inflicted.

*Fitz-Gerald & Maynard*, for appellee.

Plaintiff's act in crossing the trestle did not proximately contribute to the injury, and she was not guilty of contributory negligence. It was after train time, and she and her companions looked and listened before going on the trestle. No danger could reasonably be anticipated.

But, notwithstanding her carelessness, it was the duty of the engineer, after discovering her exposed condition, to use requisite skill and diligence to save her, if possible. 2 Thomp. Neg. 1156; 4 Am. & Eng. Encyc. L. 25. This is the doctrine of our courts.

The engineer did not do all he could to stop. He admitted that he was running very fast and knew that the plaintiff could not cross the trestle without being overtaken, but he continued running while sounding the whistle. He should at once have used efforts to stop. It was, under the circumstances, folly to waste time by blowing his whistle when he should have been stopping the train.

There is no absolute rule for determining what constitutes negligence. It is a question purely for the jury. 4 Am. & Eng. Encyc. L. 22. It was not negligence *per se* for plaintiff to be on the track. *R. R. Co.* v. *McGowan*, 62 Miss. 682. Whether the engineer was negligent was properly left to the jury.

Campbell, J., delivered the opinion of the court.

This verdict is manifestly wrong—indeed it is without any support in the evidence, as we view it. The plaintiff was doubly guilty of contributory negligence, first, in going on the trestle as she did, and, secondly, in not jumping from it, when she saw the approaching train. She went upon the trestle, either stupidly, and careless of danger, or recklessly, calculating that she could go over it before a train should come. She was not far wrong in her calculation, if she made one, for she very nearly escaped hurt—another step or two would have saved her. The track of the railroad was level and straight for more than a mile, as all agree, and the trestle was 212½ feet long. There was nothing to obstruct a view of the train for more than a mile, and it is incredible that it was not seen, if looked for; and, if seen, it was fool-hardiness to go on the trestle before it. The trestle was not so high as to make it perilous to leap from it, and this the plaintiff should have done. Having placed herself in a position of danger, she should have taken some risk to escape from it. That the risk was very small, of any injury from jumping, is shown by the fact that one of the companions of the plaintiff fell off, and the other jumped off before the train without harm. If nothing appeared except injury to the plaintiff under these circumstances, no recovery could be had. The only question that remains is, whether, after the engineer saw the plaintiff in her perilous situation, he did all he should have done to avert harm from her. The only evidence that she was seen was furnished by the testimony of the engineer, who testified that he did all he could to avoid harm to the plaintiff, after he saw her peril. There is no just ground to doubt his statement. He was probably mistaken in supposing, as he says he did, that she was not on the trestle, when he first saw her. Nor is it surprising that he should be mistaken as to this, for it is often difficult to determine the exact position of one at a distance. Certain it is, that without the testimony of the engineer the plaintiff could not recover, because of contributory negligence indisputably shown; and, according to that testimony, amply sustained, she cannot recover, because all reasonable efforts were made to save her from harm. In truth, she could and should

have saved herself by leaping from the trestle.   She erred in think-
ing she could cross in time, and cannot make the defendant pay for
her mistake.   The court would not have erred to direct a verdict
for the defendant.

*Reversed and remanded.*