R. J. H. CHRISTIAN *v.* ILLINOIS CENTRAL RAILROAD CO.

1. RAILROADS.   *Injury to trespasser.   Rule of liability.*

In an action for personal injury sustained while plaintiff was a trespasser, the rule of liability is improperly set out by instructions which, taken together, announce non-liability for mere negligent injury, and unless the company's servants intentionally inflicted the injury, or acted regardless of consequences and without effort to prevent it.

2. SAME.   *Injury to trespassers.   Rule stated.*

The true rule is that the servants of the company are not bound to keep a lookout for trespassers, but, if they see one and appreciate his danger, and that he cannot, by the exercise of reasonable effort, extricate himself, they must use reasonable care to prevent injury.   What is such reasonable care is a question of fact determinable by the circumstances. *Railroad Co.* v. *Cooper,* 68 Miss., 368; *Railroad Co.* v. *Williams,* 69 *Ib.,* 631; *Railroad Co.* v. *Watly,* 69 *Ib.,* 145.

FROM the circuit court of the first district of Panola county. HON. EUGENE JOHNSON, Judge.

Action by R. J. H. Christian against the Illinois Central Railroad Company to recover for personal injuries sustained by him while a trespasser on its track.   The case was in this court on appeal at a former term, and a judgment in favor of the defendant was reversed, the court holding that, under the evidence, the action of the court in having granted a peremptory instruction for the defendant was error.   (MS. Op.) The cause, having been remanded, was again tried, many instructions having been given on both sides.   There was a verdict for the defendant, from which the plaintiff appeals.

It is not necessary to set out the facts at length.   Plaintiff, while walking across a lengthy trestle on defendant's rail-

road, was overtaken by a passenger-train. It seems not to be disputed that he was negligent in venturing upon the trestle. His contention is that the engineer, after discovering him in his position of peril, failed to use due care to prevent the injury; that plaintiff was deterred from leaping from the trestle to the ground below because the ground was covered with water to an unknown depth, and he could not swim, and, further, because the ground at that place was full of sharp, projecting trunks of saplings which had been cut two or three feet from the ground, thus rendering a leap hazardous; that he could not retrace his steps to the end of the trestle owing to the rapidly approaching train, and that he adopted the alternative of running forward and trying to clear the trestle before being overtaken. When at or near the end of the trestle, he was overtaken, struck by the engine, and received serious injuries, for which he sues.

The engineer in charge of the train testified that he discovered plaintiff on the trestle, and slackened the speed of his train; that, as the engine reached the trestle, plaintiff stepped off the other end and on to the ties on the side of the rail, and thus passed out of the engineer's sight, he being seated on the side of his engine opposite that on which plaintiff had gone; that, thinking he was safely off the track, he quickened the speed of the train; that there was nothing to prevent the plaintiff from getting safely off the track before the engine reached him. The statement of the engineer that he slackened the speed of the train before he reached the trestle was, however, controverted, and the testimony on this point was conflicting.

*Stone & Lowrey*, for appellant,

Filed a brief, reviewing, *seriatim*, the sixteen instructions given for the defendant, and contending that the rule of liability which they announce is too liberal in favor of the defendant, and that the duty which the servants of the company owe to a trespasser after discovering him in a position

of peril is more than abstention from wanton or wilful injury, and on this point citing *Jamison* v. *Railroad Co.*, 63 Miss., 33; *Railroad Co.* v. *Cooper*, 68 *Ib.*, 368; *Railroad Co.* v. *Williams*, 69 *Ib.*, 631; *Railroad Co.* v. *Watly*, *Ib.*, 145.

*Mayes & Harris*, for appellee.

It not being disputed that plaintiff was a trespasser when injured, it was essential for him to show wantonness or wilfulness on the part of defendant's servants after they discovered him in a perilous position. It was also incumbent on him to show that, after being aware of the approach of the train, his own conduct was free from negligence. It was not sufficient for him to show mere negligence on the part of defendant. If the negligence on the one side is offset by that on the other, there can be no recovery. See *Railroad Co.* v. *Stroude*, 64 Miss., 784; *Railroad Co.* v. *Cooper*, 68 *Ib.*, 368; *Railway Co.* v. *Williams*, 69 *Ib.*, 631, and the following unreported cases of this court: *Green* v. *Railway Co.*, *Hamilton* v. *Railroad Co.*, *Giles* v. *Railway Co.*

Argued orally by *P. H. Lowrey*, for appellant, and *J. B. Harris*, for appellee.

COOPER, J., delivered the opinion of the court.

We will not review particularly the sixteen instructions asked and received by the defendant. Some of them may be correct, but throughout them, as a whole, runs the wholly erroneous proposition that the mere negligent injury of a trespasser by the servants of a railway company is not ground of action by the trespasser. Under the sixth instruction, the jury was, in effect, told that the plaintiff could not recover unless the engineer intentionally or purposely ran him down. If that were true, the plaintiff, being a trespasser, must show such injury that, if it had resulted in his death, the servants of the company inflicting the injury would be guilty of murder. By the seventh instruction the jury was told that

the plaintiff could not recover unless the conduct of the defendant's servants "was regardless of consequences and without effort to prevent injury." The true rule is that the servants of the company are not bound to keep a lookout for trespassers, but if they see one, and appreciate his danger, and that he cannot, by the exercise of reasonable effort, extricate himself, then they, in turn, must exercise reasonable care to prevent injury to him; and what is such reasonable care is a question of fact, determinable by the circumstances. *Jamison* v. *Railroad Co.*, 63 Miss., 33 ; *Railroad Co.* v. *Cooper,* 68 *Ib.*, 368; *Railroad Co.* v. *Williams*, 69 *Ib.*, 631; *Railroad Co.* v. *Watly*, *Ib.*, 145.

*Judgment reversed.*