Statement of the case.

Yazoo & Mississippi Valley Railroad Company *v.*
Maletha Landrum.

[42 South. Rep., 675.]

RAILROADS. *Negligence. Injury from running of cars. Statutory presumption. Code* 1892, § 1808. *Code* 1906, § 1985.

Under Code 1892, § 1808, making proof of injury inflicted by the running of the locomotives or cars of a railroad company *prima facie* evidence of want of care and skill on the part of its servants, proof that decedent was found in an unconscious condition and fatally injured by the side of the track about an eighth of a mile from a small station and near no crossing, there being no further showing as to the circumstances of the injury by eyewitnesses, or otherwise, does not relieve the company from the effect of the statute.

FROM the circuit court of Quitman county.

HON. SAMUEL C. COOK, Judge.

Mrs. Maletha Landrum, who sued for the benefit of herself and her minor children, was the plaintiff in the court below; the railroad company, the appellant, was defendant there. From a judgment in plaintiff's favor the defendant appealed to the supreme court.

Appellee's declaration alleged that her son, Joseph Landrum, was killed as a result of his being struck by a running locomotive and cars of the railroad company, negligently operated by the company's employes, near the small station of Marks, in Quitman county. The appellant company having filed a motion for a bill of particulars as to the time of day when the injury occurred, what persons were present, and what circumstances the appellee relied on to show liability upon the company, the appellee, in compliance with an order of court to that effect, filed a written statement that she did not know, and was unable, after diligent inquiry, to ascertain at what hour of the day the injury occurred, or what persons were present at the

time of injury, or what locomotive or train caused the injury, or what the exact circumstances in regard to the injury were; but that deceased was found shortly after 8 o'clock at night lying on the west side of the main line of the company's track, with his feet toward and near the track, and with one of his feet crushed, his collar-bone broken and his skull fractured, and with the position of the body such as to clearly indicate that he had been struck by a running train. The appellant company thereupon, in addition to filing a plea of general issue, gave notice thereunder that it was not liable, inasmuch as the deceased was intoxicated and was a trespasser at the time of the injuries received which caused his death. On the trial the facts set forth in appellee's declaration and bill of particulars, above stated, were proved: There was no eye-witness to the circumstances causing the death. Appellee's claim of liability upon the part of the appellant company was based on Code 1892, § 1808 (brought forward and amended in Code 1906, § 1985), providing that "in all actions against railroad companies for damages done to persons or property, proof of injury inflicted by the running of the locomotives or cars of such company shall be *prima facie* evidence of want of reasonable skill and care on the part of the servants of the company in reference to such injury." The appellant company was unable to show the facts attending the injury. In proof of its contention that the deceased was at the time of injury a trespasser and intoxicated, a conductor and a fireman of the company testified that they saw the deceased a short while before the time he was found injured walking between the tracks, and the men who carried the injured and unconscious man from the tracks to a near-by hotel testified that they detected the odor of whiskey upon him. There was in addition testimony offered upon the part of the company to the effect that the injured man after having been brought to the hotel, during lapses of consciousness had, in response to questions, stated that

he was trying to board a passing train when injured, but that it was too swift for him. The facts in connection with such statement of the deceased were, however, such that it was questionable whether the injured man knew what he was saying at the time. The court refused a peremptory instruction asked by the appellant company, and submitted the case to the jury under instructions which permitted the jury to decide whether the evidence offered by the railroad company was sufficient to overcome the statutory presumption of liability on the company. The jury awarded the appellee $8,000 damages, and the railroad company appealed, claiming that it was entitled to a peremptory instruction under the facts shown.

*Mayes & Longstreet,* and *St. John Waddell,* for appellant.

The peremptory instruction asked for by the appellant company should have been granted, as the facts in evidence disclosed no liability upon its part. It is not shown how the deceased, Joseph Landrum, was injured. It can only be presumed that, being out of work and hunting employment among the saw mills at or near Marks Station, and while under the influence of whiskey, he was tramping along the railroad, with no definite destination in view and no plan as to what he would do, that he arrived in the neighborhood of where he was hurt at about 8 o'clock on the evening of the accident. It is shown by the testimony of the plaintiff that the deceased was found in his injured condition in the night time, about an eighth of a mile south of the Marks Station depot on the railroad company's road-bed and between two of its tracks. No crossing was near. It was an unfrequented place, and one where he could not have been expected to be. If he was injured at all by appellant company's train or locomotive, he was injured while a trespasser, knowingly being in a dangerous place and in the night time.

A railroad company is entitled to a clear track, and individ-

uals who use its track and road-bed as a thoroughfare are tres-
passers, to whom the railroad company in operating its trains
owes no duty except to avoid injuring them willfully or wan-
tonly.   Unless willful or wanton negligence is shown on the
part of the railroad company there can be no liability for injury
to a trespasser.   *Railroad Co.* v. *Williams,* 69 Miss., 631 (s.c.,
12 South. Rep., 597) ; *Morehead* v. *R. R. Co.,* 84 Miss., 112
(s.c., 36 South. Rep., 151) ; *Christian* v. *Illinois Central R. R.
Co.,* 71 Miss., 237 (15 South. Rep., 71) ; *Railroad Company*
v. *Stroud,* 64 Miss., 784 (s.c., 2 South. Rep., 171).

The plaintiff, Mrs. Landrum, failed to show on the trial
through the testimony of any of her witnesses that the de-
ceased had been injured by the appellant company's train,
except by the circumstances of where he was found and the
condition of his injuries; and in showing such it appeared
that the deceased was a trespasser on the roadbed of the appel-
lant company, and that he was injured in the night time at a
dangerous place when he could not readily have been seen by
anyone in charge of a moving train.   These circumstances
placed the deceased in the category of a trespasser.

The trial judge in the court below construed Code 1892, §
1808, to be a statute of liability and not a mere statute of evi-
dence.   While this statute provides that proof of injury in-
flicted shall be *prima facie* evidence only of a want of reason-
able skill and care in reference to the injury, his ruling was
to the effect that although the circumstances surrounding the
injury were fully shown, yet if there was no actual eye-witness
of the injury this statute imposed liability, regardless of the
circumstances.   This ruling of the trial judge would exclude
from contemplation the rule above cited with reference to the
liability of a railroad company to an unseen trespasser upon
its track.   Such a construction was an erroneous view of law.

In addition to the facts stated as to the deceased being a tres-
passer, intoxicated, in a place dangerous even for a sober man

to be, unseen by any of the company's employes, the evidence disclosed that the trains of the company passing such place prior to the injury were under perfect control and running at low rate of speed, in the hands of careful persons, and they could not have caused the injury. In view of these facts it was error in the court to hold that the above-mentioned statute should be applied. *Owen* v. *Illinois Central R. R. Co.*, 77 Miss., 142 (s.c., 24 South. Rep., 899). In the case cited the plaintiff, Owens, was standing at the end of a bridge and on the side of the railroad track. While so standing he was in some way injured by an approaching train, or by some one on the train—was struck senseless and never knew in what manner he was struck. No negligence was shown on the part of the employes handling the train. Although he was injured by the running of the train, this court held that it devolved upon the plaintiff to show negligence, or an existence of a state of facts that would raise a presumption of a state of negligence; that while the plaintiff's testimony disclosed the facts producing the injury, yet there was no imputation of negligence therefrom on the defendant company, and that the circumstances shown in evidence removed any reason for resorting to a presumption of law in the matter, and that mere conjecture would not support a judgment in any case.

To justify the action of the trial judge in not granting the peremptory instruction asked by the defendant company, the *Stroud case,* 64 Miss., 784 (s.c., 2 South. Rep., 171), and the *Dooley case,* 69 Miss., 648 (s.c., 12 South. Rep., 956), must be entirely disregarded. The peremptory instruction should have been given, because by the admissions by the deceased shown in evidence, he received his injuries in trying to board a moving train under dangerous circumstances. *Nichols* v. *Railroad Co.*, 83 Miss., 126 (s.c., 36 South. Rep., 192).

We submit that Code 1892, § 1808, should be construed not as a statute of liability, but merely as a statute of evidence,

raising a presumption only of want of ordinary care and skill under certain circumstances; and that when the circumstances are shown, even though there may not have been eye-witnesses, the proof of the circumstances removes all presumptions of law. *Owens* v. *R. R. Co.,* 77 Miss., 142 (s.c., 24 South. Rep., 899). And as the testimony offered by plaintiff showed the circumstances disclosing that the deceased was a trespasser as above stated, the peremptory instruction asked for by appellant company should have been promptly granted.

The purpose of Code 1892, § 1808, now amended in Code 1906, § 1985, seems to have been to place upon a defendant railroad company the burden of disproving ordinary negligence, or negligence of that lesser degree of character which would make it liable under the law for the injury or killing of live stock, the spreading of fires, or for the injury to or death of passengers or other persons rightfully upon its trains and for whose safety it should be responsible. But by no stretched construction should it be held that this statute on mere proof of injury inflicted makes a *prima facie case* or raises a presumption of that degree of negligence, gross, willful or wanton, necessary to create liability for injury to a trespasser not seen, or to one who without invitation or cause places himself in a dangerous place at which he could not be expected to be.

The section in question uses the words, "want of reasonable skill and care." If any running locomotive or train of appellant company inflicted the injury the circumstances would not be such as those the section would apply, especially when we consider the meaning of the above quoted phrase. A railroad company is not liable for injuries resulting to a person on account of its employes not seeing him when he was in a place where he had no right to be. See the *Stroud case,* 64 Miss., 794 (s.c., 2 South. Rep., 171). A railroad company owes no duty to a person on its tracks at a place where he had no right to be and where it had a right to expect an unobstructed

way, except to refrain from willfully or wantonly injuring him. *Railroad Co.* v. *Williams,* 69 Miss., 631 (s.c., 12 South. Rep., 597). And see the *Korter case,* 87 Miss., 488, holding that where a person was killed by a train at a place on the railroad at which he was not entitled to be, either by invitation or duty, when by the use of his ordinary faculties or prudence he could have avoided the injury, no damages can be recovered. In this case last mentioned the plaintiff was injured at a place where he was not called to be, either by duty or invitation; and by the exercising of any degree of care he could have avoided the injury. A peremptory instruction in favor of the defendant railroad company was approved by this court.

But we are not left to the realms of conjecture to ascertain the circumstances of the young man's death. A witness for the appellant company, one Bannister, testified that the day after the young man was injured witness asked him if, when he got hurt, he was trying to catch the train to get a ride, that the young man answered "yes." And the following is quoted from the testimony of a witness for appellant company, Hambrick, towit:

*Q.* Did the injured man make any statement in your presence that night as to how he had received his injury?

*A.* Yes, sir.

*Q.* What was it?

*A.* Why, some gentleman, who I think was a doctor, but will not be certain, asked him how he got hurt, and he made some reply, but I did not know what it was. The gentleman said: "You were trying to catch the train, were you not?" or something to that effect, and he says, "Yes, I tried to catch it, but it was too swift for me—too swift." "And you fell under?" "Yes, sir." That was the statement that he made.

There is absolutely no other testimony in the record to contradict the above. Counsel for appellee, in order to discredit this testimony, will doubtless contend that the jury was justi-

fied in disbelieving the witnesses, Bannister and Hambrick. But under the circumstances, and especially as no proof of any kind was offered by plaintiff to show other cause of the injuries, we submit that the peremptory instruction asked for by appellant company should have been granted.

If it should be admitted for the sake of argument that the deceased was injured by some one of the trains of appellant company passing the station at Marks on the evening of the accident, and it be further admitted that the deceased, when injured, was at a place where he ought not to have been, and could not have been expected to be, and there was no reason why he could not have avoided any moving train, and that he was not seen or known of by appellant company's employes in charge of the train that injured him at the time he was injured, does it not follow that the case is one of absolute non-liability on the appellant company's part? As we contend that the above facts were established by the record, we submit that the peremptory instruction asked for by appellant company should have been given.


*Lowrey & Lamb,* for appellee.

The deceased was injured by a running train on appellant company's railroad. While no witness saw the injury, the circumstances tending to show that the injury resulted from a running train were so clear and undisputed that the fact was not seriously questioned before the jury, nor can it be questioned in this court. The injured man was found unconscious by the track near the depot, with injuries on his head, body and feet. His identity was so perfectly established that it was not seriously questioned in the court below. While it cannot be doubted that the young man was injured as a result of being struck by a passing locomotive or train, it is a matter of the merest speculation as to what train struck him, or how he came to be on the track, or how the injury occurred. This being the

case, Code 1892, § 1808, must apply. Hence the court properly submitted to the jury the question whether the defendant company by its evidence, taken together with the evidence for the plaintiff, had exonerated itself from blame. Our understanding is that counsel for the appellant company contend that inasmuch as the deceased was on its track not near a public crossing, the statute had no application; that on account of this alleged precedent wrong of the deceased in being in such a place and at night, something more than negligence must be shown on the part of appellant company to make it liable. From the viewpoint of argument there might be something in this contention were the contrary not held by an unbroken line of decisions of this court for the last twenty years. *Railroad Company* v. *Phillips,* 64 Miss., 693 (s.c., 1 South. Rep., 7); *Railroad Company* v. *Turner,* 71 Miss., 402 (s.c., 14 South. Rep., 450); *Hamlin* v. *Railroad Company,* 72 Miss., 39 (s.c., 16 South. Rep., 877); *Roberds* v. *Railroad Company,* 74 Miss., 334 (s.c., 21 South. Rep., 10); *Railroad Company* v. *Brooks,* 85 Miss., 269 (s.c., 39 South. Rep., 40); *Korter* v. *Railroad Company,* 87 Miss., 482 (s.c., 40 South. Rep., 258).

The fault of such contention on the part of appellant is that it is based on what this court in *Christian* v. *Railroad Company,* 71 Miss., 239 (s.c., 15 South. Rep., 71), terms "the wholly erroneous proposition that the mere negligent injury of a trespasser by the servants of a railroad company is no ground for action by the trespasser." The above decisions show an established rule of this court. And in *Moss Point Lumber Company* v. *Board of Supervisors of Harrison County, post* —— (s.c., 42 South. Rep., 215), the court states that "the doctrine of *stare decisis* should not be totally disregarded. A former deliberate, and especially a former unanimous, opinion of any court should be firmly adhered to, unless it be manifestly wrong and public policy imperatively requires it to be overruled."

Counsel for appellant contend that the circumstances of the injury were shown, and that as a result the statute has no application. And to this end they cite *Korter* v. *Gulf, etc., Railroad Company,* 87 Miss., 482 (40 South. Rep., 258) and other cases. If such were true, the company would be relieved from a *prima facie* case. We submit, however, that the circumstances were not shown. No jury could take the evidence in this case and with any certainty say what train struck the deceased or what he was doing at the time he was struck, or how he came to be struck. This court, in *Railroad Company* v. *Brooks,* 85 Miss., 269 (s.c., 38 South. Rep., 40), states that "the statutory presumption cannot be overdrawn by conjecture. The circumstances of the accident must be clearly shown, and the facts so proved must exonerate the company from blame."

It is contended for the appellant that a peremptory instruction in its favor should have been given because of the statements made by the deceased as to how the injury occurred. The question whether deceased made such statements, which are quoted in the brief for appellant, to the effect that he tried to catch a passing train and it was going too swiftly, and also whether he was in a condition to understand what he was saying, were submitted to the jury as questions of fact. The jury were instructed positively that if they believed that he made the statements and knew and understood them at the time, a verdict should be returned for the defendant company. While we believe this was too strong a statement of law in favor of the appellant company, surely it could not have been made any stronger for it. Two questions were placed before the jury by such instruction: First, did the deceased make such statement; and, second, was he in a condition to understand what he was saying. Only two witnesses, Bannister and Hambrick, testified to such alleged statements of the injured man, and it would appear that the jury very properly disbelieved their statements, or believed that if deceased said anything about how he

was hurt, he was not in a fit condition to understand what he was saying. It is undisputed that when the young man was found he was in an unconscious condition, and was so when carried to the hotel. There is no testimony to indicate that he ever recovered consciousness until some time during the next day, with the exception of what these two witnesses, Bannister and Hambrick, stated. It is at least significant that when this statement by deceased is alleged to have been made, no one was present but these witnesses and a physician, who died before trial, and a third person, Mr. Rush, who was not present and whose whereabouts were not known, and another man whom the witnesses did not know, and who has never been found. We also call attention to the fact that the witnesses were employes of the appellant company; one being an engineer on a train which, according to the proof, may probably have inflicted the injury.

The contention of counsel for the appellant company that Code 1892, § 1808, was intended to apply only to stock found on the tracks, and to passengers and other persons rightfully on its trains and for whose safety it might be responsible, cannot be upheld, because the statute contains no such limitations. This court has held that the section as written in the code of 1892 (however much it might have been changed in bringing it forward into the code of 1906) does not apply to passengers. *Railroad Company* v. *Humphreys,* 83 Miss., 721 (s.c., 36 South. Rep., 154), and that it does not apply to trespassers. *Railroad Company* v. *Phillips,* 64 Miss., 693 (s.c., 1 South. Rep., 7), and that it applies to persons on the tracks under circumstances similar to those in this case. *Railroad Company* v. *Brooks,* 85 Miss., 269 (s.c., 38 South. Rep., 40).

WHITFIELD, C. J., delivered the opinion of the court.

Since the evidence clearly showed that Landrum was killed by the running of the cars, the statute imposed upon this rail-

road company liability, unless the railroad company met the burden imposed by the statute and showed clearly the facts attending the injury, and by such showing exonerated itself from blame. The facts in this case are very strikingly like the facts in the case of *Railroad Company* v. *Brooks,* 85 Miss., 269 (s.c., 38 South. Rep., 40). The court in that case, speaking through Judge TRULY, laid down the sound rule that mere conjecture would not meet this burden, but that the testimony for the railroad must clearly show how the injury occurred, and, in showing this, show further such facts as exonerate the railroad company. This case and the case of *Christian* v. *Railroad,* 71 Miss., 237 (s.c., 15 South. Rep., 71), make it impossible for appellant to rescue this case on the facts shown in the record from the liability imposed by the statute. All that could possibly be done by way of strong and splendid argument has been done here by the learned counsel representing the appellant. He has omitted nothing in the presentation that could possibly have been urged. But when the whole evidence is looked at it is absolutely impossible to say with any satisfaction how this injury occurred. Conjectures may be indulged, suppositions be suggested, but there is no evidence of a satisfactory nature showing clearly how the injury was inflicted. The court charged the jury, for the defendant, that if they believed the declarations testified as having been made by the deceased were made, and that they were made by the deceased when he knew what he was saying, then they should find for the defendant. In the light of this instruction the verdict of the jury is a clear response, either that they did not believe that the declarations were made at all, or, if so, that they were made when the deceased was unconscious from concussion of the brain induced by the injury, and so did not know what he was saying. We have carefully and repeatedly examined the testimony, and find ourselves, in view of the authorities cited above, unable to disturb the finding of the jury.

*Affirmed.*