THOMAS EASLEY v. ALABAMA GREAT SOUTHERN RAILROAD COMPANY.

[50 South. 491.]

1. RAILROADS. *Injuries inflicted by running train. Evidence. Code 1906, § 1985. Burden of proof. Conjecture.*

Under Code 1906, § 1985, providing that proof of the infliction of an injury by the running of the locomotives or cars of a railroad company shall be *prima facie* evidence of the want of reasonable skill and care on the part of the servants of the company in reference to such injury, a railroad company, after such proof, cannot escape the *prima facie* case made in plaintiff's favor by evidence leaving it a matter of conjecture as to how the accident happened, but the defendant must clearly show facts exonerating it from liability.

2. INSTRUCTIONS.

Instructions must be predicated of the evidence, and are properly refused where they assume matters of fact of which there is no evidence.

FROM the circuit court of Lauderdale county.

JOHN L. BUCKLEY, Judge.

Easley, appellant, was plaintiff in the court below; the railroad company, appellee, was defendant there. From a judgment in defendant's favor plaintiff appealed to the supreme court. The plaintiff was a passenger on defendant's railroad; the other facts are sufficiently shown by the opinion of the court.

*F. V. Brahan,* for appellant.

The proof clearly established beyond question, that the plaintiff was injured while a passenger in the defendant's coach, being struck while the train was running by the "mail crane or some other object."

There is not a particle of testimony in this case to support the special plea of the defendant, viz.: that the plaintiff wrongfully and negligently, placed his arm outside of the said coach and through the window thereof, and permitted it so to remain at the time and when said train was running rapidly and to such an extent and in such a way as to bring his said arm in contact with the objects outside of the coach of said train in which plaintiff was riding.

Notwithstanding this fact the court in the first instruction given to the defendant stated that if they believed from the evidence that the plaintiff's injuries were caused by his leaning out of the car window so far as to be struck by an object twelve inches from the coach, then he was guilty of contributory negligence and could not recover.

It has been repeatedly held that it is reversible error to give an instruction to the jury based on assumed facts which have not been proven.

The truth of this case is, the railroad company does not know how or what caused the injury to the plaintiff.

In respect to the "false issues" presented by the pleadings and the instructions for the defendant, and the fact, that the

defendant company offered no evidence of an affirmative or positive character, in denial of the plaintiff's right to recover, the instant case is very similar to the case of *Fairfield v. Louisville, etc., R. Co.,* 94 Miss. 887, 48 South. 513.

*Bozeman & Fewell,* for appellee.

In this case there is no proof that the injury was inflicted by the running of the cars.    It first devolves upon the plaintiff to show this before he is entitled to the benefit of the *prima facie* statute.

Counsel for the appellant contended that it devolved upon the railroad company to exonerate itself from the blame.

We say that the defendant has done this conclusively.    The only negligence charged was that the mail crane was erected too close to the track and that plaintiff was struck by it.

Defendant proved by three witnesses that the mail crane was not dangerously close to the track, being over six feet from the rail and was so constructed that the arms when horizontally extended would be one above the window and one below the window, and from twelve to fourteen inches from the side of the car, and that when the arms moved they moved away from the window and not across it; the upper arm going up and the lower arm going down both to a vertical position on the upright.

Defendant further proved that there was no other structure near the place of accident close enough to the track to strike a passenger, and further that the train and coach were in good condition and properly operated and that there was no accident to or rough handling of the train.

We insist that there is a vast difference between being injured while on a running train and being injured by the running of a train.

The testimony in this case fully exculpated the railroad company from any negligence whatever.    It was shown by

positive testimony that the coaches and train were in good condition, and being properly operated, and that the mail cranes were in good condition and so constructed that they could not possibly have injured the plaintiff in the manner that he alleges; it was to be fairly inferred from all the testimony that the plaintiff was injured by being struck by someone from the outside, out of sport or wanton mischief; the gist of the instructions was that unless the jury believed that the plaintiff's injury was caused by the negligence of the railroad company, then they should find for the defendant.

MAYES, J., delivered the opinion of the court.

As the proof now appears in this case, it conclusively shows that the injury to plaintiff was inflicted in some way by the running of the locomotive. This being so, he was entitled to all the benefit of section 1985 of the Code of 1906, which provides that: "In all actions against railroad companies for damages done to persons or property, proof of injury inflicted by the running of the locomotives or cars of such company shall be *prima facie* evidence of the want of reasonable skill and care on the part of the servants of the company in reference to such injury. This section shall also apply to passengers and employes of railroad companies." In this view of this statute, under the facts as they now appear in the record, it is exceedingly doubtful whether or not a peremptory instruction should not have been given plaintiff on the question of liability; but since this case is to be tried again, we leave this question undecided, as a new trial may develop new facts.

We are very much inclined to the view that the testimony offered to rebut the *prima facie* case made by the testimony of plaintiff under the statute leaves it a matter of conjecture as to how this accident happened. When this is the case, this court has said, in the case of *New Orleans, etc., R. Co. v. Brooks*, 85 Miss. 269, 38 South. 40, and in *Yazoo, etc., R. Co. v. Lan-*

*drum,* 89 Miss. 399, 42 South. 675, in construing this statute, that "mere conjecture would not meet the burden of the statute, but that the testimony for the railroad must clearly show how the injury occurred, and, in showing this, show further such facts as exonerate the railroad company." We hardly think that the testimony of the defendant company met this standard of requirement. In this doubtful state of the case on the law, the court undoubtedly committed reversible error in giving an instruction to the jury which had no facts to support it.

By the first instruction the court told the jury that "it devolved upon plaintiff as a passenger to exercise ordinary care not to be injured, and if you believe from the evidence that his injury was caused from his leaning out of the car window, or holding his arm out the car window, so far as to be struck by an object twelve inches from the coach, then he is guilty of contributory negligence, and cannot recover." The testimony nowhere shows that plaintiff was either leaning out of the window or holding his arm out of same. On the contrary, it negatives this. All instructions must have application to the case made, and not be mere arbitrary announcements of the law. Again, instructions cannot have inserted in them fictitious facts, and the jury be told that, if they believe those unproven facts, they must find in favor of the party asking the instruction.                    *Reversed and remanded.*