## John Davis v. State of Mississippi.

### [39 South. Rep., 522.]

Criminal Law. *Witnesses. Chastity of female. Bastard.*

　　It is reversible error for the state on the trial of a homicide to prove, over defendant's objection, that a material witness for defendant is the mother of a bastard.

From the circuit court of Yazoo county.

Hon. David M. Miller, Judge.

Davis, the appellant, was convicted of manslaughter and appealed to the supreme court. The facts upon which the decision turned are stated in the opinion of the court.

*Harris & Powell,* for appellant.

The manifest object of the district attorney was to discredit the witness before the jury. The court in the case of *Mackmasters* v. *State,* 81 Miss., 376 (s.c., 33 South. Rep., 2), says: "The wife of Mackmasters was an important witness for him, and we

think it was error to permit the district attorney to develop to the jury in cross-examination that she was the mother of two children not born in wedlock. This had no relevancy to the issue, and was too heavy a load to put on the defendant before an average jury in so grave a trial."

To the same effect is *Ivy* v. *State,* 84 Miss., 264 (s.c., 36 South. Rep., 265). We could cite decisions from other states to the same effect, but our own are sufficient.

*J. N. Flowers,* assistant attorney-general, for appellee.

The only question to be settled by this court is whether the action of the trial court in permitting the testimony that defendant's witness, Mary Simmons, is the mother of a bastard to go to the jury is reversible error. *Mackmasters* v. *State,* 81 Miss., 376 (s.c., 33 South. Rep., 2), is cited in support of counsel's contention that the judgment must be reversed on this ground.

We do not understand that the court held in that case that the admission of such testimony under any and all circumstances would be error, nor that such error would, *ipso facto,* demand or warrant a reversal. The court pointed out other errors and reversed on the combined errors. The court announced in Mackmasters' case and in Ivy's case, also cited by counsel, that whether the defendant is the father of the illegitimate child of his witness is permissible inquiry as tending to show the interest of such witness in the trial, but says in Ivey's case that the witness cannot be required to answer if her answer would subject her to criminal prosecution. In this case the district attorney did not ask the witness the pointed question, but showed by her that defendant was a widower and that she was a widow; that she had visited him before sunup on the morning of the killing.

TRULY, J., delivered the opinion of the court.

Upon cross-examination of Mary Simmons, the sister-in-law of defendant, whose testimony was of vital importance to his defense, the district attorney, over repeated protests of defend-

ant, was allowed to show that the witness was the mother of a bastard child only a few weeks old. This was manifestly improper. Such testimony was utterly irrelevant to the issue before the jury, which was the guilt or innocence of the appellant of the crime of murder. The witness was not on trial, and it was incompetent to attempt to impeach her veracity by general proof of her unchastity. Says this court in Mackmasters' case, 81 Miss., 376 (33 South. Rep., 2): "The wife of defendant was an important witness for him, and we think it was error to permit the district attorney to develop to the jury, in cross-examining her, that she was the mother of two children not born in wedlock. This had no relevancy to the issue, and was too heavy a load to put on the defendant before an average jury in so grave a trial." This utterance, if called to the attention of the learned trial judge, should have furnished the rule for his guidance.

*Reversed and remanded.*