Alabama & V. Ry. Co. *v.* Clarence Thornhill.

[63 South. 674.]

1. Railroads. *Evidence. Similar acts of negligence. Code 1906, section
    1985. Injuries to persons on track. Statutes. Presumptions and
    burden of proof. Negligence. Witnesses. Impeachment. Code
    1906, section 1923.*
    In a suit against a railroad company for personal injuries caused
    by being knocked down by a running train, it is not permissible
    for the defendant to show that plaintiff had at other times
    jumped or attempted to jump on moving trains.

2. Railroads. *Injury to persons. Code 1906, section 1985. Presumptions.*
    Under Code 1906, section 1985 so providing, proof of injury in-
    flicted by a running train is *prima facie* evidence of negligence
    and unexplained entitles plaintiff to judgment.

3. Same.
    When the facts and circumstances under which the injury was in-
    flicted have been ascertained, the presumption of negligence
    created by the statute disappears, and the defendant's negligence
    *vel non* must then be determined alone from such facts and cir-
    cumstances.

4. Same.
    This *prima facie* presumption, however, is not a specific but a
    general one; that is, negligence is presumed in the doing or
    omission of any act that could have reasonably caused the in-
    jury, and consequently, in order that it may be rebutted the
    evidence must disclose the doing or omission of every act from
    the doing or omission of which an inference of negligence *vel
    non* could be drawn.

5. Same.
    When the facts and circumstances are in evidence, and there is no
    dispute relative thereto, and it appears that only one reasonable
    inference can be drawn therefrom, a verdict may be directed
    for either the plaintiff or the defendant as the case may be.

6. Same.
    Even though the facts and circumstances are in evidence, and
    although there may be no conflict therein as to what these facts

and circumstances are, unless they justify the court in directing a verdict, it is proper to charge the jury on request of the plaintiff that proof of injury by the running of the cars is *prima facie* evidence of negligence, and on request of the defendant that since the facts and circumstances under which the injury was inflicted are known, they will determine whether or not the defendant was negligent solely therefrom without resorting to any presumption of negligence, "negligence being not simply fact in itself, but rather an inference from fact."

7. WITNESSES. *Impeachment. Grounds.*
   It is not permissible to impeach the veracity of a witness by evidence of her unchastity.

8. WITNESSES. *Matters of record. Conviction of crime. Code* 1906, *section* 1923.
   Under Code 1906, section 1923, the conviction of a witness of crime may be given in evidence to impeach his veracity, but only after the witness himself has denied such conviction.

APPEAL from the circuit court of Hinds county.

HON. W. A. HENRY, Judge.

Suit by Clarence Thornhill against the Alabama & Vicksburg Railway Company. From a judgment for plaintiff defendant appeals.

Appellee was plaintiff in the court below, and appellant was defendant. The case went to a jury, who returned a judgment for five thousand dollars, and the railroad company appeals. The opinion states the facts.

Section 1985 of the Code of 1906 is as follows: "In all actions against railroad companies for damages done to persons or property, proof of injury inflicted by the running of the locomotives or cars of such company shall be *prima facie* evidence of the want of reasonable skill and care on the part of the servants of the company in reference to such injury. This section shall also apply to passengers and employees of railroad companies."

On the trial the court granted the following instruction at the request of the plaintiff below:

"(3) The court instructs the jury for the plaintiff that ordinarily the burden of proof is upon the plaintiff

throughout to establish his right of recovery; but in this case the jury is instructed that, if the plaintiff has proved that the injury complained of in the declaration was inflicted on the track of the railroad company and by the running of its locomotive or cars, this is *prima facie* evidence of the want of reasonable skill and care on the part of the servants of the company in reference to such injury, and imposes the burden of proof upon the defendant to show that it was not guilty of negligence as to this, and this presumption cannot be overcome by conjecture, but the circumstances of the accident must be clearly shown, and the facts so proven must exonerate the defendant from blame, otherwise the defendant is not relieved from liability, and in this case, unless the jury believe from the evidence that the defendant has overcome this burden, then the jury must find for the plaintiff.''

The court refused the following instruction requested by the defendant:

'' (7)   If the jury believe from the evidence that the defendant was not guilty of negligence which caused plaintiff's injuries, they will find for the defendant, and, if they are unable on their oaths to find from the evidence that plaintiff was guilty of negligence causing the said injuries, they will find for the defendant.''

*R. H. & J. H. Thompson,* for appellant.

We insist that the trial court erred prejudicially to the appellant in refusing to permit defendant to show by the plaintiff himself that he was accustomed to jump on moving trains, and that he has on several occasions before jumped or attempted to jump on moving trains. The nature of boys is well known; they seem instinctively to have a propensity to jump on and ride moving cars. The plaintiff, of course, may have been an exception to the average boy in this particular, but the defendant had the right to ascertain the fact and show that he was not, and particularly did it have the right to show that the

plaintiff was accustomed, to use the language of the street, "to hop trains," and enjoy rides thereon in that way. The defendant's testimony, if true, showed that on the occasion in question the boy jumped the train, or had at least attempted to do so, and his custom and habit in this particular would have strengthened the defendant's testimony on the point. The plaintiff's testimony showed that the boy did not on the occasion in question "hop the train," and his habit and custom in this regard would not only have strengthened defendant's testimony on the point, but. would have weakened the plaintiff's. In so close a case as this (we denominate it a close one simply because no higher place can be claimed for it by the plaintiff himself) surely all testimony which would have strengthened the defendant's theory and weakened the plaintiff's ought to have been admitted. A boy who is in the habit of "hopping trains" is much more likely to have done so on any particular occasion when opportunity presented itself than one who was not so accustomed. This court cannot say from this record that the custom and habit of the boy, had it been shown that he was accustomed to "hop trains," would not have been influential with the jury. It ought to have had and was entitled to considerable weight.

"Of the probative value of a person's habit or custom, as showing the doing on a specific occasion of the act which is the subject of the habit or custom, there can be no doubt. Every day's experience and reasoning makes it clear enough. 1861, FLANDRAU, J., in *Walker* v. *Barren,* 6 Miss. 508, 512: '(Customs) may, like any other facts or circumstances, be shown when their existence will increase or diminish the probabilities of an act having been done or not done, which act is the subject of contest.' 1873, SARGENT, C. J., in *State* v. *Railroad,* 52 N. H. 528, 532: 'It would seem to be axiomatic that a man is likely to do or not to do a thing, or to do it or not to do it in a particular way (according) as he is in

the habit of doing or not doing it.' " Wigmore on Evidence, par. 92.

The court below erred in refusing the instruction numbered 7 asked by the defendant, now appellant. The instruction so refused reads thus: "If the jury believe from the evidence that the defendant was not guilty of negligence which caused plaintiff's injuries they will find for the defendant; and if they are unable on their oaths to find from the evidence that the plaintiff was guilty of negligence causing the said injuries, they will find for the defendant."

As above stated, the facts of this case were fully developed by the witness for the one side or the other. Nothing was left to conjecture or statutory presumption. Code 1906, section 1985, to the effect that proof of injuries inflicted by the running of railroad locomotives or cars shall be *prima facie* evidence of negligence on the part of the employees of the company operating the same, had no application to the case. It has been often decided in this state that when the facts of a case are proven there is no room for presumptions, statutory or any other kind. Proof of the circumstances connected with an injury resulting from the running of a railroad train removes all ground for resorting to legal presumptions. *Owen* v. *Illinois, etc., R. Co.,* 77 Miss. 142; *Nichols* v. *Gulf, etc., R. Co.,* 83 Miss. 126.

The history of the section of the Code under consideration is well known. It has been decided that presumption should yield to facts where they are sufficiently shown. *Vicksburg Railroad Co.* v. *Phillips,* 64 Miss. 693; *New Orleans, etc., Railroad Co.* v. *Bourgeois,* 66 Miss. 3; *Bedford* v. *Louisville, etc., R. Co.,* 65 Miss. 385; *Hamlin* v. *Yazoo, etc., R. Co.,* 72 Miss. 39.

The *Nichols case* (83 Miss. 126) is conclusive of the point we make and the decision therein made has not been modified or changed in any particular since its rendition.

The court below erred in granting the instruction, numbered 3 given for the plaintiff. This instruction really presents the same question as the refusal of the instruction numbered 7 asked for by the defendant. Although all the facts and circumstances of the case had been proved by the one set or the other of the witnesses, yet the court told the jury, in the instruction given for the plaintiff, that the burden of proof still rested on the defendant to show that it was not guilty of negligence and to show the same clearly. While proof of the infliction of the injuries by the running of cars, had nothing else been proved, would have required of the defendant to show facts exonerating it from liability, yet when the facts were so shown, as they were in this case, the instruction now complained of imposed on the defendant the additional burden which the courts have told us in several cases it did not have to bear. *Hamlin* v. *Yazoo, etc., R. Co.,* 72 Miss. 39.

The court below further erred in granting the sixth instruction given at the request of the plaintiff. The instruction is to the effect that the jury should wholly disregard the testimony showing that plaintiff's witness, Lillian Wilson, had been convicted of vagrancy. The suit did not involve an effort to enforce a judgment against the witness, Madam Wilson. The judgment was between other parties, was wholly collateral and incidental to this suit and the production of records was not essential.

*Wells & Wells,* for appellee.

Did the trial court err in refusing to permit evidence to be adduced going to show if it was a fact, that plaintiff had on several former occasions jumped on, or hopped on, or attempted to jump on moving trains, or that he was used to jumping trains?

Manifestly, it did not. Counsel for appellant cite two old cases, one from Minnesota and one from New Hampshire, each forty or fifty years old, in support of the con-

trary doctrine to the effect that such testimony was admissible. But the overwhelming weight of authority is directly to the contrary.

Among the multitude of cases which might be cited holding to the true doctrine on this point are the following: *Totarella* v. *N. Y., etc.,* 65 N. Y. S. 1044; *Hubbard* v. *Town of Mason,* 60 Iowa, 400; *Georgia, etc.,* v. *Evans,* 87 Ga. 673; *Glass* v. *Memphis,* 94 Ala. 581; *Eaton* v. *Telegraph Co.,* 68 Me. 63-67; *Chaise* v. *Maine,* 77 Me. 62; *Barrows* v. *Trieber,* 21 Maruland 320; *Aiken* v. *Holyoke,* 184 Mass. 269-274; *Geggenheim* v. *Lake Shore, etc.,* 66 Mich. 150-160; *Eppendorf* v. *Brooklyn,* 69 N. Y. 195; *Peoria* v. *Clayberg,* 107 Ill. 644; *Edwards* v. *City of Worcester,* 172 Mass. 104; *C. & A. R. R.* v. *Gibbons,* 65 Ill. App. 550-553; *C., B. & Q. R. R.* v. *Genderson,* 65 Ill. App. 638; *I. G. N. R. R.* v. *Ins. Co.,* 71 S. W. 772, 31 Tex. Civ. App. 272; *M., K. & T. R. R.* v. *Johnson,* 92 Texas, 380; *Barker* v. *Savage,* 3 N. Y. Ct. (I Sweeny) 288.

Not only did the trial court below commit no error in excluding evidence to the effect that plaintiff had on several former occasions jumped on, or hopped, or attempted to jump on moving trains, or that he was used to jumping trains, but on the contrary had he permitted the introduction of the same, it would have constituted reversible error against plaintiff, and would fully have justified this court in reversing this case on appeal of the plaintiff, for that error alone.

Did the trial court err in giving to plaintiff the benefit of section 1985 of the Code of Mississippi of 1906 by granting to plaintiff instruction number 3 and in refusing defendant's instruction number 7? Said section 1985 is as follows, to wit: "In all actions against railroad companies for damages done to persons or property, proof of injury inflicted by the running of the locomotives or cars of such company shall be *prima facie* evidence of the want of reasonable skill and care on the part of the servants of the company in reference to such

injury. This section shall also apply to passengers and employees of railroad companies."

Instruction number 3 given for plaintiff is as follows: "The court instructs the jury for the plaintiff that ordinarily the burden of proof is upon a plaintiff throughout to establish his right to a recovery, but in this case the jury is instructed that if the plaintiff has proved that the injury complained of in the declaration was inflicted on the track of the railroad company and by the running of its locomotive or cars, this is *prima facie* evidence of the want of reasonable skill and care on the part of the servants of the company in reference to such injury and imposes the burden of proof upon the defendant to show that it was not guilty of negligence as to this; and this presumption cannot be overcome by conjecture, but the circumstances of the accident must be clearly shown, and the facts so proven must exonerate the defendant from blame; otherwise, the defendant is not relieved from liability; and in this case unless the jury believe from the evidence that the defendant has overcome this burden, then the jury must find for the plaintiff. Given."

Instruction number 7, refused the defendant, is as follows: "If the jury believe from the evidence that the defendant was not guilty of negligence which caused plaintiff's injuries they will find for the defendant; and if they are unable on their oaths to find from the evidence that plaintiff was guilty of negligence causing the said injuries, they will find for defendant. Refused."

The other instructions for the defendant were full and more than amply gave to defendant the benefit of every defense it had. The jury was plainly told by instructions numbers 1, 4 and 5 for defendant that if they believe that plaintiff received his injuries while or because of jumping on or jumping off or falling off of a moving train, it must find for the defendant. And that too, with no plea of contributory negligence, and no evidence in testimony for plaintiff of any contributory negligence. As to

this point parenthetically thrown in here see the follow-
ing authorities, to wit:   53 So. 689, also pages 176, 211
and 786; 67 Miss. 601, 64 Miss. 777, 67 Miss. 4, 88 Miss.
732, 66 Miss. 560.

But counsel for appellant in the lower court insisted
that as the facts and circumstances were in evidence, the
presumption could not be invoked.   But the trial court
charged the jury at the request of the defendant, in the
instruction number 2 for the defendant as follows,
to wit:   ''If the jury believe from the evidence that the
facts and circumstances in this case have been proved,
then the burden of proof is on the plaintiff and he cannot
recover unless it has been shown that defendant was
guilty of negligence which caused the plaintiff's injuries;
nor can he recover if he jumped a moving train and was
thereby injured.   Given.''

Now, with this instruction granted, how could the de-
fendant claim error in the court's refusing instruction
number seven of the defendant?   As a matter of fact,
instruction number 2 for defendant was broader than
the law, was erroneous, and the defendant therein got a
more favorable exposition of the law than it was entitled
to under a correct exposition of the law.   That instruc-
tion number two if it was granted at all, should have
read in the first line as follows, to wit:   ''If the jury
believe from the evidence that (all) the facts and cir-
cumstances have been proved, etc.''   The word ''all''
was omitted and with it omitted, the defendant got every
advantage it could have gotten had the instruction num-
ber 7 for defendant been given for the defendant.

But the defendant was not entitled to instruction num-
ber 7 as written, and the court correctly granted instruc-
tion number 3 for plaintiff.   If any proposition of law
was ever settled in this state then the proposition that
the plaintiff can invoke the benefit of this presumption
in any case which will not be controlled by a peremptory
instruction for the defendant, no matter how many wit-

nesses testify to the facts and circumstances of the injury, is a closed and settled proposition.

Beginning with the *Phillip's case,* 64 Miss. 693, down to *Hollingshed* v. *Yazoo & Mississippi Valley Railroad,* 55 So. 40 and 41, a practically unbroken line of authorities so hold. This court has said again and again that where all the facts and circumstances are in evidence that it is not error to invoke this presumption unless the issue should be determined by the court in a peremptory, though it may not be needed.

Turning now to the latest case directly in point we would cite the case of *Hollingshed* v. *Y. & M. V. R. R. Co.,* 55 So. 40, quoting from page 41 thereof: "By instruction number 5, refused by the court, the appellant sought to avail himself of section 1985, Code of 1906, which provides that 'Proof of injury inflicted by the running of the locomotive or cars' shall make out a *prima facie* case of negligence. The appellant was clearly entitled to the benefit of this statute. He was injured by the running of appellee's locomotive. There is no dispute about that. The statute applies, regardless of whether the facts attending the injury are in evidence or not. In *Y. & M. V. R. R. Co.* v. *Phillips,* 64 Miss. 693, 2 So. 536, the court said: 'The statute was enacted to meet cases where the manner of the injury inflicted is not known to others than employees of the railroad company; but it is equally applicable where a cloud of witnesses see the injury. It is not needed there, it is true; but it is not error to invoke it, for the law affects the railroad company with liability, *prima facie,* in every case of injury inflicted by the running of its locomotives or cars. If the evidence showing the injury inflicted rebuts the presumption, well; but, if it does not, the presumption created by the law from the fact of the injury in this mode is to stand and control.' It was, therefore, error to refuse this instruction. Reversed and remanded."

We submit, therefore, that this is a closed question in Mississippi jurisprudence. But if the court desires to

reinvestigate the same, we here and now give to the court a complete and accurate list showing every decision of this court bearing in any way upon section 1095, Code 1880, section 1808, Code 1892 and section 1985, Code 1906, to wit: 61 Miss. 206; 70 Miss. 329; 69 Miss. 848; 59 Miss. 280; 62 Miss. 170; 67 Miss. 399; 62 Miss. 503; 67 Miss. 250; 66 Miss. 3; 71 Miss. 402; 70 Miss. 348; 70 Miss. 265; 63 Miss. 581; 60 Miss. 442; 62 Miss. 383; 67 Miss. 15; 63 Miss. 562; 64 Miss. 693; 65 Miss. 385; 74 Miss. 334; 78 Miss. 432; 78 Miss. 319; 79 Miss. 84; 81 Miss. 9; 72 Miss. 39; 77 Miss. 142; 83 Miss. 126; 83 Miss. 721; 85 Miss. 269; 87 Miss. 482; 87 Miss. 652; 88 Miss. 446; 91 Miss. 273; 91 Miss. 546; 96 Miss. 195; 15 Miss. 71; 14 So. 462; 28 So. 939; 36 So. 155; 19 So. 661; 21 So. 108; 1 Miss. Dec. 317; 92 Miss. 532; 55 So. 40; 95 Miss. 41; 96 Miss. 28; 96 Miss. 396; 57 So. 557; 89 Miss. 399.

Did the trial court err in granting instruction number 6 for plaintiff which directed the jury to disregard the parol testimony of witness Harrell, for defendant, as to convictions of witness for plaintiff, Mrs. Lillian Wilson, of vagrancy, she not having been questioned about the same, and the best evidence of same, to wit, the record of the court in which the convictions were alleged to have taken place, not having been introduced, nor the absence of said record explained, thus paving the way for secondary evidence.

Said instruction number 6 for plaintiff is as follows: "The court instructs the jury for the defendant that they will absolutely disregard the testimony of witness Harrell as to alleged convictions of the witness, Mrs. Lillian Wilson, of vagrancy in the city court at Jackson. Given."

We call the attention of the court to instruction number 6 for the defendant given in answer to this instruction and here copy it for the convenience of the court. "Although the court has instructed the jury to disregard the testimony to the effect that the witness Lillian Wilson had been convicted of vagrancy, this does not require

them to disregard any other evidence showing or tending to show her character as a prostitute as going to her credibility. Given."

Counsel for appellant cite no authority in support of their position taken on this assignment, and we doubt if any can be found.

We say that said instruction number 6 for plaintiff was proper and said parol evidence of conviction of vagrancy was inadmissible and was properly excluded under several distinct principles of law; and, First: Because, to establish any fact it is elementary law that such fact must be established by the best evidence of which it is capable of being established, and can only be established by secondary evidence upon a proper showing as to inability to produce the best evidence. See *Baldwin* v. *McKay,* 41 Miss. 358; *Martin* v. *Williams,* 42 Miss. 210; *Jelkes* v. *Barrett,* 52 Miss. 315; *Dyson* v. *Baker,* 54 Miss. 24; *Cachute* v. *State,* 50 Miss. 165; *Goodman* v. *Moss,* 64 Miss. 303; *Graham* v. *Warren,* 81 Miss. 330; *Shannon* v. *Summers,* 86 Miss. 619; *Hayden* v. *Moore,* 1 S. & M. 605; *Lipscomb* v. *Postell,* 38 Miss. 476; *Harmon* v. *James,* 7 S. & M. 111; *Barker* v. *Justice,* 41 Miss. 240; *Scott* v. *Loomis,* 13 S. & M. 635; *Davis* v. *Black,* 5 S. & M. 226; *Griffin* v. *Sheffield,* 38 Miss. 359; *Weiler* v. *Monroe Co.,* 74 Miss. 682; *Morgan* v. *Morgan,* 31 Miss. 546; *Gulfport, etc.,* v. *Bond,* 95 Miss. 723; *Tigner* v. *McGehee,* 60 Miss. 185; *Taylor* v. *Chickasaw Co.,* 74 Miss. 23; *Carey* v. *Fuller,* 74 Miss. 729.

Second: Because all testimony going to show that a witness is a prostitute for the purpose of thus attacking her credibility as a witness was inadmissible in the first place, and in thus partially excluding the same, the court committed no error. *Davis* v. *State,* 87 Miss. 337-339; *McMasters* v. *State,* 81 Miss. 374; *Tucker* v. *Tucker,* 74 Miss. 99; *Smith* v. *State,* 58 Miss. 873; *McInery* v. *Invin,* 90 Ala. 275; *Rhea* v. *State,* 100 Ala. 119; *Commonwealth* v. *Churchill,* 52 Mass. 538; *Jackson* v. *Lewis,* 13 Johns, 504;

*State* v. *Smith,* 7 Vt. 141; *Spears* v. *Forrest,* 15 Vt. 435; *Holland* v. *Barnes,* 53 Ala. 83; *Spicer* v. *State,* 105 Ala. 123; *People* v. *Yslas,* 27 Cal. 630; *State* v. *Hopgood,* 46 La. Ann. 855; *People* v. *Mills,* 94 Mich. 630; *State* v. *Larkin,* 11 Neb. 314; *Gilchrist* v. *McKie,* 4 Watts, 380; *U. S.* v. *Masters,* Fed. Cases, No. 15739; *U. S.* v. *Dickinson,* Fed. Cases, No. 14958; *Birmingham, etc.,* v. *Hale,* 90 Ala. 8; *People* v. *Chinn Hane,* 108 Call. 597; *State* v. *Shields,* 45 Conn. 256; *Smithwick* v. *Evans,* 24 Ga. 461; *Thomas* v. *Pile,* 3 Har. & McHar. 241; *Merriman* v. *State,* 71 Tenn. 393; *Slayton* v. *State,* 32 Tex. Cr. R. 33; *Baker* v. *State,* 40 So. 673, 51 Fla. 1; *State* v. *Bandom,* 40 So. 239, 15 La. 837; *Woodward* v. *State,* 58 S. W. 135; 42 Tex. Cr. R. 188; *Crawford* v. *State,* 112 Ala. 1; *Pyle* v. *Percy,* 122 Cal. 383; *Kidwell* v. *State,* 63 Md. 384; *Commonwealth* v. *Stevenson,* 127 Mass. 446; *People* v. *O'Hare,* 124 Mich. 515; *People* v. *Wilson,* 136 Mich. 298; *Kobb* v. *Union R. Co.,* 23 R. I. 72; *Kennington* v. *Catoe,* 68 S. C. 470; *McCray* v. *State,* 38 Tex. Cr. R. 609; *State* v. *Stimson,* 78 Vt. 124; *Goodman* v. *State,* 114 Wis. 318.

Third: Because witness herself had not been questioned as to whether she had been convicted of vagrancy and until this was done, no other witness could be permitted to testify thereto, and if any witness was so permitted, it should have been controlled on instructions of the court and then, if no sooner, excluded.

We quote from *Cook* v. *State,* 85 Miss. 738 and especially from page 747. "We understand that Code 1892, section 1746, has no sort of reference to the condition of things upon which the court acted in the case before us. That section simply permits witnesses to be interrogated as to whether they had been convicted of any offense— the purpose being, of course, to go to their credibility— and the statute allows their statement to be contradicted; but it is nowhere provided by the law, even upon this matter of credibility, that testimony might be introduced as to the conviction of a witness unless the witness had first denied it."

We submit that if an assignment of errors, submitted without an authority to sustain it, was ever buried under an avalanche of authorities from the most respectable courts of the land, then the fifth assignment of counsel for appellant complaining of the exclusion by the court in instruction number 6 for plaintiff of parol testimony offered to prove conviction of a witness of being a prostitute without first having asked the witness herself with regard to the same, has been so buried forever and a day.

SMITH, C. J., delivered the opinion of the court.

This is an appeal from a judgment in favor of Clarence Thornhill, an infant eleven years of age, who sued by a next friend to recover from appellant damages alleged to have been sustained by reason of having been knocked down and injured by one of its trains.

According to the evidence of eyewitnesses introduced in behalf of appellee, he was at the time of the accident standing on appellant's railroad track at its intersection with a street in the city of Jackson, watching a baseball game, when one of appellant's trains, without warning by bell or whistle, and when he was wholly unconscious of danger, approached him from the rear, struck him in the back, and injured him. According to the testimony of other eyewitnesses introduced in behalf of appellant, Thornhill was injured, without negligence on the part of appellant's servants, while he was attempting to jump on one of its moving trains.

Objection was interposed to the following questions propounded to appellee on cross-examination: "Were you used to jumping on trains?" "Had you not on several occasions before jumped on moving trains, or attempted to jump on moving trains?" Although the current of authority seems to be to the contrary, it may be that under some circumstances a person's habit or custom may be admissible in evidence as tending to show the

doing on a specific occasion of an act which is a subject of habit or custom as to which we express no opinion. But this case presents no such circumstances. An affirmative answer to these questions would not have established any regular habit or custom, but would simply have shown that appellee on other occasions had jumped or attempted to jump on moving trains, and such evidence, under all the authorities, is not admissible.

The granting of appellee's third and the refusal of appellant's seventh instruction, both of which the reporter will set out in full, is assigned for error.

The argument of counsel for appellant is that all of the facts and circumstances under which the injury was inflicted are in the evidence, and consequently the statutory (section 1985, Code of 1906) presumption of negligence arising by reason of the "proof of injury inflicted by the running of the locomotive or cars of" appellant has no application.

That no doubt may hereafter exist as to what the rule governing the particular point here under consideration is, we will restate it, after an examination of all prior decisions of this court bearing thereon which have been called to or come under our observation.

*Railroad Co.* v. *Packwood*, 59 Miss. 280. The evidence on the part of the appellee showed simply the killing of a horse by the running of the cars. The evidence for the defendant showed the facts and circumstances of the killing, from which it affirmatively appeared that its servants had not been guilty of negligence. There was a judgment for the appellant; but it was reversed by this court, on the ground that the statutory presumption of negligence was overcome by the proof, there being "nothing in the record to suggest that the witnesses were unworthy of credit, or that the jury in fact disbelieved them." This case was approved in *Railroad* v. *Holt*, 62 Miss. 170, and followed *Railroad Co.* v. *Thomas*, 1 Miss. Dec. 317.

*Railroad* v. *Dale,* 61 Miss. 206.  ''The statute imposes upon the railroad company, the fact of the injury by their cars having been established, the burden of showing the exercise of all proper skill and care upon its part.''

*Railroad* v. *Phillips,* 64 Miss. 693, 2 So. 537.  Appellee was injured by the running of the cars, and counsel for appellant argued that the statutory presumption here under consideration could not be invoked, for the reason that ''the facts preceding and concurrent with the accident were all before the jury and were developed by the plaintiff;'' that ''the question of negligence was thus, by the act of the plaintiff, dependent wholly upon the facts, and there could reasonably be no presumption whatever;'' that ''the presumption must give place when the facts are in evidence, and the statute never was intended to apply in such cases.''  See brief of counsel for appellant, 64 Miss. 700, 2 So. 537.  The court rejected this contention, and held that the presumption could be invoked even when all the facts and circumstances were in evidence, but that, when such facts and circumstances were established, the presumption should yield thereto, and the question of negligence *vel non* should be determined solely therefrom.  This case has been many times approved.

*Bedford* v. *Railroad Co.,* 65 Miss. 385, 4 So. 121.  The court below instructed the jury peremptorily to find for defendant.  The judgment was affirmed in part and reversed in part; the court saying: ''It was wrong to instruct the jury to find for the defendant as to the gray mare, for as to that killing the evidence does not show that everything was done which could and should have been to avoid collision between the mare and the train. The only witness, the engineer, testified that when he saw her running to the railroad he sounded the cattle whistle, and that is all that he claimed to have done.''

*Railroad* v. *Bourgeois,* 66 Miss. 3, 5 So. 629, 14 Am. St. 534.  The court, among other things, said: ''When the

circumstances attending the injury are shown by the evidence, the case must then be determined by the jury on the facts proved, and not upon any presumption of negligence created by the statute.''

*Railroad* v. *Smith,* 67 Miss. 15, 7 So. 212. The defendant asked and was refused the following instruction: ''(3)   The jury are instructed that, where the railroad company is shown to have killed stock, there is a *prima facie* presumption of negligence on its part, but that, when the facts and circumstances of the killing are shown, they cannot find for the plaintiff, unless those facts and circumstances show negligence on the part of the company.'' It then asked and was refused a peremptory instruction. The response of the court to the assignment of error predicated on the refusal of these instructions was as follows: ''The third instruction asked by the defendant was properly refused, for the effect of the statute (paragraph 1059 of the Code) is to devolve on the railroad company the necessity of exculpation from negligence in causing the injury shown to have been done, and, unless it does this, it is liable. The court should have given the instruction asked by defendant that the verdict should be for it. There is no conflict in the evidence, and that of the defendant, which consists with that for the plaintiff, exonerates the defendant from all blame.'' This case, in so far as it holds that proof of the facts and circumstances under which an injury was inflicted does not remove the necessity for resorting to the statutory presumption, is in conflict with the later cases of Owen, Nichols, Korter, Murray, and Fuller, hereinafter referred to, and to that extent is thereby necessarily overruled.

*Hamlin* v. *Railroad Co.,* 72 Miss. 39, 16 So. 877. ''A suit brought by appellant against the appellee to recover the value of two mules killed by a train of the appellee. The circumstances of the killing were fully testified to by eyewitnesses for the plaintiff, and by the servants of the

company in charge of the train, and other eyewitnesses for the defendant. Of this evidence the court said that, according to the testimony for the plaintiff, the injury was negligently inflicted, but, according to that for the defendant, it was unavoidable." The case having been submitted to a jury, there was a verdict for the defendant. "By the third instruction for the defendant, the jury was told that, the fact being proved that the engine of the defendant struck and killed the mules, it was *prima facie* evidence under the statute of negligence, and, with no other evidence before it the jury should find for the plaintiff; 'but, in the case before the jury, the circumstances attending the injury are shown in evidence, and it will determine the case on the testimony, and not upon any presumption of negligence.' " In holding that this instruction was correctly granted, the court said: "We think the law was correctly given to the jury. It was told that the fact of the killing of the mules entitled the plaintiff to a recovery, unless, by a clear preponderance of the evidence, negligence was disproved; but, as all the circumstances of the killing were in evidence, the jury should determine the question from the facts, and not from presumption. The whole effect of the statute is to devolve upon the defendant the burden of proof of due care; it is not required to carry this burden with the presumption of negligence again added as a rider."

*Owen* v. *Railroad Co.*, 77 Miss. 142, 24 So. 899. This case seems to have been decided upon the theory that the statutory presumption here under consideration was involved. The facts and circumstances of the case, which were disclosed by the plaintiff's own testimony, were such that no inference of negligence on the part of the defendant could be drawn therefrom, and the court held that defendant was not liable, stating among other things, that "the production of the circumstances connected with the infliction of the injury removes any ground for resorting to any presumption of law in the matter."

*Railway Co.* v. *Hays,* 78 Miss. 319, 28 So. 939. The facts and circumstances were in evidence. The instruction complained of is not set out, but in the argument of counsel the court was requested to hold that the statutory presumption here under consideration had no application; counsel, among other things, stating that: "Proof of the injury inflicted by the running of locomotives, etc., makes a *prima facie* case for plaintiff, but, when all the facts and circumstances are in evidence, then the jury should find for the defendant, unless they can say that the evidence shows want of reasonable care to avoid the injury; but the burden of proof remains on the plaintiff, who must still make out his case by a preponderance of evidence." The language of the court in responding to this argument was as follows: "The sole point made in the brief for appellant is that the second charge for plaintiff below was erroneous, in that it places the burden of proof on the defendant, if the jury be satisfied that the mule was killed by the running of defendant's train, to show the facts exculpating it from liability. We cannot agree with counsel that this instruction interferes with any decision treating of paragraph 1808 of the Code. If it did, the skill of counsel neutralized any misconception by his own numerous and adroit instructions."

*Drake* v. *Railroad Co.,* 79 Miss. 84, 29 So. 788. "McNeill's testimony makes it clear that the fire was set out by engine No. 10 on November 23d. The defendant was then under the duty to meet and explain away the *prima facie* case thus made. 'For the purpose of rebutting the presumption, the evidence must be as broad as the presumption itself, and must satisfactorily rebut every negligent act or omission which might, under the circumstances of the case, reasonably or naturally have caused the fire.' "

*Nichols* v. *Railroad Co.,* 83 Miss. 126, 36 So. 192. In the language of the court: "This is not a case in which

the statutory presumption of negligence can be invoked. (See numerous cases cited in brief of appellee.) Where all the circumstances connected with an injury resulting from the running of a railroad train are in evidence, this removes all necessity for resorting to legal presumption, because the presumption must always give way to proof. In this case all the circumstances attending upon the accident are in proof by the testimony of eyewitnesses, and from that proof it is indisputable that the tragic event was the result of appellant's intestate's own recklessness, and this conclusion is borne out by his own story, repeatedly told, after the event."

*Railroad* v. *Brooks,* 85 Miss. 269, 38 So. 40. "It was shown beyond peradventure that the injury was inflicted by the running of the train. This was *prima facie* proof of negligence, authorizing a recovery by plaintiff. To overcome this statutory presumption, it devolved upon the appellant to exculpate itself by establishing to the satisfaction of the jury such circumstances of excuse as would relieve it from liability. But this statutory presumption cannot be overthrown by conjecture. The circumstances of the accident must be clearly shown, and the facts so proven must exonerate the company from blame. If the facts be not proven, and the attendant circumstances of the accident remain doubtful, the company is not relieved from liability, and the presumption controls."

*Korter* v. *Railroad Co.,* 87 Miss. 482, 40 So. 258. "The case for the appellant rests solely upon the statutory presumption of negligence which attaches in case of injury inflicted by the running of a train; but this presumption gives way when the facts attendant upon the accident are made known. In the instant case all the facts were thoroughly investigated and plainly appear in the record. Under the case made by the proof the presumption of negligence was met and overthrown; it being perfectly manifest that there was no negligence upon the part of the employees of the railroad company."

*Railroad Co.* v. *Landrum,* 89 Miss. 399, 42 So. 675. "Since the evidence clearly showed that Landrum was killed by the running of the cars, the statute imposed upon this railroad company liability, unless the railroad company met the burden imposed by the statute, and showed clearly the facts attending the injury, and by such showing exonerated itself from blame."

*Railroad Co.* v. *Hicks,* 91 Miss. 273, 46 So. 360, 124 Am. St. 679. The court, at the instance of the plaintiff, instructed the jury in accordance with the statutory presumption here under consideration, and it was argued by counsel for the defendant that the "instructions should not have been given, because all the facts about this occurrence were in evidence." This court approved the giving of the instruction with specifically responding to this argument of counsel, and, among other things, held that the statute should be "interpreted precisely as if it had been written thus: 'Proof of injury inflicted by the running of locomotives or cars of such company shall be *prima facie* evidence of liability on the part of the company.' "

*Railroad Co.* v. *Murray,* 91 Miss. 546, 44 So. 785. The testimony which was "sharply conflicting" embraced the facts and circumstances of the injury, and the court said: "It was not improper to give the charge, under Code 1906, par. 1985 (Code 1892, par. 1808), that the damage done was *prima facie* evidence of want of care. *Vicksburg Ry. Co.* v. *Phillips,* 64 Miss. 693, 2 So. 537. This may always be invoked where the injury is done by the running of the locomotives or cars, but, of course, must yield to established facts. Here there was sharp conflict in the testimony, and here, also, counsel took abundant care of the railroad company in their instructions."

*Easley* v. *Railroad Co.,* 96 Miss. 396, 50 So. 491. "We are very much inclined to the view that the testimony offered to rebut the *prima facie* case made by the testimony of plaintiff under the statute leaves it a matter of

conjecture as to how this accident happened. When this
is the case, this court has said, in the case of *New Or-
leans, etc., R. Co.* v. *Brooks,* 85 Miss. 269, 38 So. 40, and
in *Yazoo, etc., R. Co.* v. *Landrum,* 89 Miss. 399, 42 So.
675, in construing this  statute, that 'mere conjecture
would not meet the burden of the statute, but that the
testimony for the railroad must clearly show how the in-
jury occurred, and, in showing this, show further such
facts as exonerate the railroad company.' We hardly
think that the testimony of the defendant company met
this standard of requirement."

*Railway Co.* v. *Bonner,* 14 So. 462. "The verdict is
not supported by evidence. The horse was killed in some
way by the train; but the uncontradicted evidence excul-
pates the railway company from all blame."

*Railroad Co.* v. *Hunnicutt,* 98 Miss. 272, 53 So. 617, ap-
proves and followed *Railroad Co.* v. *Brooks,* 85 Miss. 274,
38 So. 40.

*Hollingshed* v. *Railroad Co.,* 99 Miss. 464, 55 So. 40.
The facts and circumstances seem to have been fully dis-
closed by the evidence, and the court said: "By instruc-
tion number 5, refused by the court, the appellant sought
to avail himself of section 1985, Code of 1906, which pro-
vides that 'proof of injury inflicted by the running of
the locomotives or cars' shall make out a *prima facie* case
of negligence. The appellant was clearly entitled to the
benefit of this statute. He was injured by the running
of appellee's locomotive. There is no dispute about that.
The statute applies, regardless of whether the facts at-
tending the injury are in evidence or not. . . . It was
therefore error to refuse this instruction."

*Fuller* v. *Railroad Co.,* 100 Miss. 705, 56 So. 783. The
Phillips, Landrum, Murray, and Hollingshed cases were
approved, and the court then continued: "Presumption
in all cases must yield to facts, yet they fail, not because
of the law, but because of the facts, and completely de-
stroy the presumption; and hence when the statute, which

is the law, gives this presumption the courts have no right to make or charge a different rule. In so doing the court is substituting judge-made law for statutory law. Of course, when all the facts relating to the injury are in evidence, the court has a right to draw a conclusion based upon the facts, and in proper cases to give a peremptory instruction as these facts may justify.''

*Railroad Co.* v. *Cole,* 101 Miss. 173, 57 So. 556. After approving the quotation hereinbefore set out from *Railroad Co.* v. *Brooks,* together with the holding of this court in the cases of *Railroad Co.* v. *Phillips, Railroad Co.* v. *Landrum, Easley* v. *Railroad Co., Railroad Co.* v. *Hunnicutt, and Fuller* v. *Railroad Co.,* it was held that proof of the proper equipment of the train, and that the employees of the defendant in charge thereof were keeping a vigilant lookout, is insufficient to rebut the statutory presumption in the absence of any evidence of what the situation and movements of the party injured were at the time he was injured.

From this review of these cases, it seems reasonably clear that:

(1) Proof of injury inflicted by the running of defendant's cars is *prima facie* evidence of negligence, and, unexplained, entitles the plaintiff to judgment.

(2) When the facts and circumstances under which the injury was inflicted have been ascertained, the presumption of negligence created by the statute disappears, and the defendant's negligence *vel non* must then be determined alone from such facts and circumstances.

(3) This *prima facie* presumption, however, is not a specific but a general one; that is, negligence is presumed in the doing or omission of any act that could have reasonably caused the injury, and consequently, in order that it may be rebutted, the evidence must disclose the doing or omission of every act from the doing or omission of which an inference of negligence *vel non* could be drawn.

(4) When the facts and circumstances are in evidence, and there is no dispute relative thereto, and it appears

that only one reasonable inference can be drawn therefrom, a verdict may be directed for either the plaintiff or the defendant as the case may be.

(5)  Even though the facts and circumstances are in evidence, and although there may be no conflict therein as to what these facts and circumstances are, unless they justify the court in directing a verdict, it is proper to charge the jury on request of the plaintiff that proof of injury by the running of the cars is *prima facie* evidence of negligence, and on request of defendant that, since the facts and circumstances under which the injury was inflicted are known, they will determine whether or not the defendant was negligent solely therefrom without resorting to any presumption of negligence.

"Negligence is not simple fact in itself, but is rather an inference from facts." 5 Words and Phrases, 4748.

Ordinarily whether or not an injury was the result of a defendant's negligence depends upon the inference to be drawn from the facts and circumstances under which it was inflicted.  This statute relieves the plaintiff from proving these facts and circumstances by providing that proof of the injury shall be *prima facie* evidence of negligence; in other words, by providing that an inference or presumption of negligence must be drawn from the mere infliction of the injury.  Since this presumption is a *prima facie* one, it must yield, as do all such presumptions, to the proof; that is, to the inference of negligence *vel non* proper to be drawn from the facts and circumstances under which the injury was inflicted.  A presumption created only for the purpose of supplying *prima facie* an inference that might be drawn from a fact, were that fact known, disappears and cannot be resorted to when the fact becomes known, and thereafter such inference can be drawn only in event the fact warrants it.

Where, as in the case at bar, there is a dispute as to the facts and circumstances under which the injury was inflicted, it cannot be said that they are known in the

legal sense until they have been found by the jury, and, if the jury is unable, for any reason, to determine from the evidence what the facts and circumstances are, they never, in the legal sense, become known, and consequently in such a case the inference of negligence drawn from the infliction of the injury remains in effect and determines the defendant's liability.

Prior to the enactment of this statute, if a jury was unable to find the facts and circumstances of an injury, no inference of negligence relative thereto could be drawn, and the verdict must have been for the defendant. Under the rule then in force, the court could have very properly instructed the jury as requested by appellant that, "if they are unable on their oaths to find from the evidence that the plaintiff was guilty of negligence causing the said injuries, they will find for the defendant."

The statute, however, reverses this rule, and now when injury is shown the facts and circumstances must be established; otherwise the verdict must be for the plaintiff. When the facts and circumstances are established, the verdict must then be according as they disclose the presence or absence of due care on the part of the defendant, and the jury may be so instructed. The case of *Hamlin* v. *Railroad Co.,* 72 Miss. 39, 16 So. 877, in so far as it holds that, where the evidence relative to the facts and circumstances of an injury is in conflict, the jury may be instructed that they must determine whether or not the defendant was negligent from the evidence alone without aid from the statutory presumption, is overruled.

It follows from the foregoing views that the court committed no error in granting and refusing the instructions here under consideration.

Over the objection of appellee, the court permitted appellant to prove by a policeman that one of appellee's witnesses, a white woman, frequented negro houses of

prostitution, and that she had paid several fines in Jackson. At the close of the evidence the court at the request of appellee charged the jury to "disregard the testimony of witness Harrell as to alleged conviction of the witness . . . of vagrancy in the city court of Jackson." And at the request of appellant that, "although the court has instructed the jury to disregard the testimony to the effect that the witness . . . had been convicted of vagrancy, this does not require them to disregard any other evidence showing or tending to show her character as a prostitute as going to her credibility." The granting of this first instruction is assigned for error. The error of the court consisted not in granting the instruction but in admitting at all the evidence on which both of these instructions were predicated, for the veracity of a witness cannot be impeached by proof of her unchastity. *Smith* v. *State,* 58 Miss. 873; *Tucker* v. *Tucker,* 74 Miss. 99, 19 So. 955, 32 L. R. A. 623; *Mackmasters* v. *State,* 81 Miss. 374, 33 So. 2; *Davis* v. *State,* 87 Miss. 337, 39 So. 522. Counsel for appellant, however, state that the evidence excluded by this instruction was competent, because it showed that the witness had been convicted of the commission of crime. The conviction of a witness may be given in evidence to impeach his veracity, under section 1923 of the Code, after he has denied such conviction; but this was not the course pursued here. Moreover, the conviction when denied by a witness must be proven in the manner in which matters of record are proven.

*Affirmed.*