HILL *v.* JACKSON LIGHT & TRACTION Co.

[70 South. 401.]

1. CARRIERS. *Injury to passengers. Directing verdict. Evidence. Injury to others. Manner of injury. Opinions. Electricity.*

Where, under the evidence, it was a question for the jury as to whether plaintiff, a passenger, received a shock on the burning off of the last of four wires carrying the current in a street car of defendant, the other three wires having previously broken, and where it was impossible to say as a matter of law that no inference of negligence was to be drawn from the absence of inspection of such wires for several months before the accident, it was error to give a peremptory instruction for the defendant, since under Laws 1912, chapter 215, the

receiving of an injury from the running of a car was *prima faice* evidence of negligence on the part of the carrier.

2. CARRIERS. *Passengers. Evidence. Injury to others.*
   Evidence of other shocks received by other passengers on other occasions while riding in the car in which plaintiff was a passenger at the time of her injury were admissible.

3. EVIDENCE. *Opinions. Manner of injury. Electricity.*
   Evidence of a witness as to how and in what way a passenger on the car on which plaintiff was riding when injured might receive a severe shock, should not be excluded.

APPEAL from the circuit court of Hinds county.
HON. W. A. HENRY, Judge.

Suit by Anna Lee Hill against the Jackson Light & Traction Company. From a judgment for defendant, plaintiff appeals.

Appellant was a passenger on an electric car owned and operated by the appellee on the streets of the city of Jackson, and brings this action seeking to recover damages for injuries alleged to have been sustained by her through the negligence of the appellee in permitting its wiring to become defective, and in the negligent and careless operation of its cars. Plaintiff's evidence shows that she was a passenger at an early hour in the morning, and while riding in a seat of the car with a companion that the current breaker just above the motorman's head dropped with a loud report, and there was an electric flash from beneath the car, accompanied by smoke, and the appellant was thrown from her seat into the aisle and rendered unconscious. She suffered pain for several days in her arm and body, and was quite nervous fro mthe shock, and was confined to her bed and attended by a physician. She claims that she received an electric shock which caused her to be precipitated from her seat. The defense is that she was badly frightened by the flash of electricity and fainted.

After all the evidence was in the court gave a peremptory instruction for the defendant, and an appeal is prosecuted.

*Butler, Easterling & Potter,* for appellant.

When the appellant rested she had made a *prima-facie* case under two separate and distinct theories. (1) Under the doctrine of *res ipsa loquitur.*

It was shown in this case by the strongest sort of testimony that an injury was inflicted on a passenger by escaping electricity. This is presumptive proof of negligence in the carrier. *Eichhof* v. *O. N. Shore Street Railway Co.,* 77 Ill. App. 196; *Davis* v. *Paducah R. & L. Co.,* 113 Ky. 267, 68 S. W. 140.

The existence of a highly electrified metal plate in the passage way for passengers raises a presumption of negligence against the carrier. *McRay* v. *Metropolitan Street Railway Co.,* 125 Mo. App. 560, 102 S. W. 1032. Negligence on the part of a carrier is inferable if a comptroller box is so charged with electricity as to endanger the safety of passengers who might touch it. *South Covington S. R. Co.* v. *Smith,* 27 Ky. L. R. 811-86 S. W. 970. The fact being established that injuries to a passenger were caused by electricity, and that the car was so charged with it as to injure a person by contact with any part of it, this makes a *prima-facie* case. *Denver* v. *Tramway Co.* v. *Reid,* 4 Col. App. 53, 35 Pac. 269. Proof of injury of a passenger from an electric shock received upon taking hold of the hand bar of a car as he was boarding it raises the presumption of negligence against the carrier. *Dallas Consolidated Electric St. Railway Co.* v. *Broadhurst,* 28 Tex. Civ. App. 630, 68 S. W. 315.

An electric shock given to a passenger who was only holding on to a brass rail on the rear platform of a car of such force as to throw him off the car, raises a presumption of negligence against the carrier. *D'Arcy* v. *West Chester R. Co.,* 82 App. Div. 263, 81 N. Y. Sup. 952; *McInnis* v. *N. O. R. & L. Co.,* 118 La. 811, 43 So. 450, 13 L. R. A. 601 (N. S.); *Poulsen* v. *Massau Electric Co.,* 18 App. Div. 221, 45 N. Y. Sup. 941; *Chicago Union Traction Co.* v. *Newmiller,* 116 Ill. App. 625. Affirmed in 215 Ill.

383, 74 N. E. 410; *German* v. *Brooklyn Heights Railroad Co.*, 107 App. Div. 354, 95 N. Y. Sup. 112.

(2) Under our *prima-facie* statute relating to injuries by the running of cars, and of course, the case was one for the jury.

In order for appellee to overcome this *primi-facie* case, it was necessary for it to show how the accident happened, and that it was guilty of no negligence. We assume the trial court believed that appellee had met this *prima-facie* case.

It is our contention that appellee wholly failed to explain the cause of the accident, and that its evidence shows that it was guilty of the grossest negligence. We further contend that even under appellee's theory of this case to the effect that appellant became frightened at the electrical display and discharge of smoke, that it is liable.

In passing on this case the court must keep in mind the fact that appellee was a passenger on appellee's car, and that it was under obligation to use the highest degree of care to protect its passengers from accident and injury, and also bound to the highest degree of care to confine its deadly current to its wires and thus prevent its escape to the danger of life and property. *Telephone Company* v. *Cosnahan,* 62 So. 824, 105 Miss.—; *Temple* v. *Electric Light Co.,* 89 Miss.—.

Looking at the case first from the theory that a *prima-facie* case was made by proof of the injury under the doctrine of *res ipsa loquitor,* we desire to call the court's attention to the very able opinion in the case of *Louisiana etc. Railway Company* v. *Groome,* 97 Miss. 201. Under the doctrine announced in that case it devolved upon the defendant to meet the *prima-facie* case by evidence showing the use of that degree of care and caution for the protection of passengers required of a common carrier, and also that degree of care and caution required of an electrical company using the dangerous agency of electricity in its business. In other words, it was incumbent

upon the appellee to show that it had exercised the highest degree of care and caution in preventing the accident.

In respect to the presumption created by the statute, we desire to call the court's attention to the very able and exhaustive opinion in *Alabama etc. Railway Company* v. *Thornhill*, 63 So. 674.

Under both theories it was incumbent upon appellee in order to rebut the *prima-facie* case, to disclose the doing or omission of every act from the doing or mission of which an inference of negligence *vel non* could be drawn.

Under these circumstances it cannot be said with any degree of certainty that appellee was guilty of no negligence, and was not liable as a matter of law. It certainly raised an issue of fact for the jury. "So many questions are integrated usually into the solution of the question of negligence . . . it is so necessary to examine all the circumstances making up the situation in each case, that it must be a rare case of negligence that the court will take from the jury *Belle* v. *Railroad Co.*, 87 Miss. 234; *Stevens* v. *Railroad Co.*, 81 Miss. 195; *Allan* v. *Railroad Co.*, 88 Miss. 25; *Leake* v. *Railroad. Co.*, 91 Miss. 398; *Austin* v. *Street Railway Co.*, 95 Miss. 867; *Brannon* v. *Railroad Co.*, 57 So. 172; *Easley* v. *Railroad Co.*, 96 Miss. 396.

Let it be kept constantly in mind that it was incumbent upon the street car company to show how this accident happened. We assert with entire confidence that it is impossible to tell by reading this record how the accident happened, and the whole matter is left open for speculation and conjecture. So long as this is true, appellee has not met the burden imposed upon it by law, and the case remains one for the determination of the jury. *Alabama, etc. Railway Co.* v. *Thornhill*, 63 So. 674.

It was fatal error to exclude the testimony of Thompson, Ricketts, Hallam and Metzler with reference to having received shocks on car No. 204 and other cars of the

street car company a short time prior to the accident in question.

This court has had the identical question before it in *Railway etc.* v. *Miles,* 88 Miss. 208. The court there said that such testimony was admissible. "To show that this (the accident) did not arise from an unavoidable accident not to be foreseen or provided against, but that it was because of the long continued negligence over the whole of the road, which was the subject of complaint to the Company." See also *Railroad Company* v. *Insurance Co.,* 82 Miss. 777; *Railway Company* v. *Barnett,* 78 Miss. 435.

We seriously insist that this testimony was competent.

It was also error in the court to exclude the testimony of Metzler as to the inspection and condition of the car and how it was possible for one to receive a shock on it. The whole theory of the defense was that this young lady did not receive a shock, and it was impossible for her to receive a shock in the manner claimed, and that the car was in good condition, and as we have already stated, there was no attempt on her part to show exactly how the accident happened, or of what the negligence consisted. It was not incumbent upon her to do this as a part of main case. But after the company had introduced its testimony tending to show that it had been guilty of no negligence, it was then incumbent upon Miss Hill to show that the company was guilty of negligence, and that this car was negligently and defectively constructed, and explain how it was possible for the accident to have been received. In fact, this is the first time we have ever heard it said that in answer to the defendant's claim of non-negligence under the *prima-facie* statute that the plaintiff was not permitted to show that the defendant was guilty of negligence, and what constituted that negligence, and to show further that the injury did happen, and could have happened because of that negligence, notwithstanding defendant's claim to the contrary.

*Wells, May & Sanders,* for appellee.

If, in a given case where an injury has happened and where, by reason of the duty that is owed and the circumstances existing, a presumption of negligence arises from the mere fact of an injury having been sustained, it be shown that the duty which was owed to the party receiving the injury, had been performed to the full measure which the law exacts, then there is no breach of duty and there being no breach of duty, there is, and there can be no negligence. This conclusion must be legally and logically applicable to a case like the one before the court, if it be conceded that a carrier is not an insurer of the absolute safety of a passenger. *Washington C. & A. Co.* v. *Case,* 80 Md. 45; *Gault* v. *Humes,* 20 Md. 297; 1 Am. & Eng. Law (2 Ed.), 272-273 and note; *Crutchfield* v. *Richmond & D. R. R. Co.,* 76 N. C. 320; *Wabash etc. R. R. Co.* v. *Locke,* 112 Ind. 404; *Spellman* v. *Lincoln Rapid Transit Co.,* 20 L. R. A. 316; *Simmons* v. *New Bedford,* 93 Am. Dec. 99.

The burden of proof was upon the plaintiff in an action to recover damages from an alleged personal injury sustained, to prove the material allegations of his declaration and the negligence of the carrier, and in the absence of any presumption of negligence on the part of the defendant, the plaintiff must prove by a fair preponderance of the evidence, the facts which show that the negligence of the defendant was the proximate cause of the injury sued for.

No presumption of law as to the negligence of the defendant can arise under the statute or otherwise, until it has first been shown by the preponderance of the evidence, that the injury complained of was proximately caused by some negligent act of the defendant, or by the running of its cars. The plaintiff must prove something which warrants the legitimate inference of negligence on the defendant's part, and not leave his case to rest upon the facts which are just as consistent with care and pru-

dence, as with the opposite, and it is only when the plaintiff has introduced evidence sufficient as a matter of law, to charge the defendant with negligence or has shown facts sufficient to create a presumption of negligence, that the necessity arises for the defendant to introduce testimony in rebuttal of plaintiff's case.

To make out her cause of action it was necessary for the plaintiff to establish, not only that the defendant was guilty of a negligent act, but that the injury complained of was produced by a cause which might naturally and reasonably be expected to follow from a negligent act. Negligence is the proximate cause of an injury, within the legal meaning of that term, when an injury is one which is the natural and probable result of the negligence and one that ought naturally to have been foreseen. Where the only injury which a person sustains is a severe fright, an action will not lie for damage on account thereof, and especially is this the case unless the testimony shows that the fright was occasioned by reason of the negligence of the defendant, and was on account of such negligence. *Lehman* v. *Brooklyn City R. R. Co.,* 47 Hun. 355; *Ewing* v. *Pittsburgh etc. R. R. Co.,* 14 L. R. A. 666; *Wyman* v. *Leavitt,* 36 Am. Rep. 303; *Warren* v. *Boston etc. R. R. Co.,* 163 Mass. 484; *Mitchell* v. *Rochester Ry. Co.,* 34 L. R. A. 781; *Haile* v. *N. P. R. R. Co.,* 23 L. R. A. 774; *Joch* v. *Danknadt,* 85 Ill. 331; *Western Union Tel. Co.* v. *Wood,* 21 L. R. A. 706.

The presumption of negligence arising from the proof of the injury is not a presumption of fact but a presumption of law, and hence its weight and effect and the amount and character of proof necessary to overcome it, are questions for the court. *N. River etc. Co.* v. *Milwaukee R. R. Co.,* 65 N. W. 176; *Central of Ga.* v. *Waxelbaum,* 35 S. E. 645; *Balmore* v. *Nugent,* 39 L. W. A. 161; *Woodward* v. *S. M. & B. Co.,* 7 C. C. A. 591.

While it may be true that when an accident occurs from a failure of one of the appliances of a car, a *prima-facie* presumption of negligence arises which it is incumbent on

the defendant to meet by the evidence, still, when it appears from the evidence produced, that the measure of care which the law exacts from a carrier had been in fact exercised in respect to such appliances and that the defect, if any, which caused such failure, was latent and not discoverable, and that all reasonable precautions had been made use of, then the principle is well established that the carrier is no tliable. *Fearn* v. *West Jersey Ferry Co.* 143 Pa. 122; *Pershings* v. *Chicago B. & O. Co.*, 71 Ia. 565; *Norfolk & Western* v. *Marchall*, 90 Va. 836; Booth on St. Rys., Par. 332; *Fleming* v. *Pittsburgh etc.*, 158 Pa. 1. 130; *Mexican Central Ry. Co.* v. *Lauricella*, 87 Texas 279; *Snyder* v. *Wheeling Elec. Co.*, 64 Am. St. Rep. 922.

Counsel for appellant seem to rely very strongly upon the first and second assignments of error. We will now take up in order and discuss them.

Assignment number one is in the following language: "The court erred in sustaining the objection of the defendant to the offered testimony of witnesses Galloway, Thompson, Ricketts, Hardy, Hallam and Metzler, with reference to having received electric shocks on car 204 and other cars of defendant company, which were constructed in similar manner to the one upon which defendant was riding at the time she received her injury; also in excluding all other testimony to the same effect, offered by appellant, over appellant's objection."

The defendant objected to the testimony of these witnesses on the ground that it was not in rebuttal, and that what may have happened, incident to the car in question, during other times, and under different conditions and circumstances, was not relevant to the issue in this cause.

Applying the rule laid down by Mr. Wigmore to the testimony of these witnesses, it can readily be seen that the court correctly sustained the objection to the testimony along this line, for the reason that it was not shown that the shocks were received under similar con-

ditions and circumstances. This testimony was not in rebuttal of any brought out by the defendant, but on the other hand, injected new matter into the case and attempted to bring other and different issues before the jury, which would have had a tendency to confuse and mislead the jury. *Phillips* v. *Willow*, 34 N. W. 731.

The second assignment of error is in the following words: "The court erred in sustaining the objection of the appellee to the testimony of the witness, Metzler, an expert, as to the condition of the car at the time of the trial, and as to whether or not it was possible for a passenger on the car to be shocked by electricity, and how and in what way the same might have occurred."

On pages 155 and 157 is found the testimony of the witness Metzler introduced by plaintiff in rebuttal. Plaintiff did not attempt to show by this witness the condition of car 204 at the time of the accident, but they attempted to show by him the condition of the car at the time of the trial of this case, which was on September 23, 1913. (Page 5 and 157 of record.) This testimony was clearly not in rebuttal of any testimony offered by the defendant, as the defendant's testimony tended to show the condition of the car at the time of the accident, on January 22, 1913. Surely the circumstances and conditions were not the same or might not have been the same in September, 1913, or in the fall of 1913, shortly before the State Fair. This phase of Metzler's testimony was correctly excluded, for the reason above advanced. The exclusion or admission of this testimony as pointed out by Mr. Wigmore on Evidence, Vol. 1, par. 444, was a matter of discretion with the trial court, and by way of further answer to the first and second assignments of error, we submit that the trial court in excluding this testimony, but exercised the discretion allowed by law. No harm was done the plaintiff, and this court should not reverse the case because the court exercised sound discretion in this instance.

SMITH, C. J., delivered the opinion of the court.

On the evidence it was for the jury to say whether or not appellant received an electric shock. If she did receive such a shock, that fact, under chapter 215 of the Laws of 1912, is *prima-facie* evidence of the want of reasonable skill and care on the part of appellee with reference thereto, casting upon it the burden of disclosing the doing or omission by it of every act from the doing or omission of which an inference of negligence *vel non* can be drawn. *R. R. Company* v. *Thornbill*, 63 So. 674.

It appears from appellee's evidence that the electric current was supplied to the motor of the car by four wires, all entering the motor at the same place; that the movement of these wires at their point of contact with the motor, caused by the running of the car, will cause them to gradually wear in two and break; that on the occasion in question, three of these wires had worn in two and the remaining one, being insufficient to carry the current, burnt in two at the motor, causing a short circuit by reason of which the wires by which the electric current was conducted to the motor became sufficiently heavily charged with electricity to cause the circuit breaker to open, thereby shutting the current off. It does not appear from the evidence how the electric current was conducted to appellant; but if it was in fact so conducted, the jury would have been warranted by the evidence in finding that one of the causes thereof was the burning in two of the wire by which the current was then being conducted to the motor. It does not appear how long the three wires had been broken. All that does appear from the evidence in this connection is that they "just kept breaking until . . . there was just one wire left." Any defect in these wires could have been easily discovered by an inspection and remedied. It does not appear that they had been inspected at the time of appellant's injury for two or three months; and it cannot be said, as matter of law, that no inference or negli-

gence can be drawn from this failure to inspect; from which it follows that the peremptory instruction for this reason if no other should not have been given.

I am instructed by my associates to say that the evidence of other shocks received by other passengers on other occasions while riding in the car in which appellant was a passenger at the time of her injury, and also the evidence of the witness Metzler as to "how and in what way a passenger on car 204 [the car here in question] might receive a severe electric shock," should not have been excluded.

*Reversed and remanded.*

STEVENS, J. (concurring).  I concur in the result, but do not think the *primi-facie* evidence statute has any direct bearing on the question as to whether the court below erred in granting the peremptory instruction.  There certainly must be "proof of injury inflicted by the running of the engines, locomotives, or cars" of the railroad before the statute raises any presumption.  The very issue presented by the peremptory instruction is whether the plaintiff had made "proof of injury" at the hands of appellee—in other words, whether a current of electricity ever in fact reached and shocked her.  On the evidence of appellant and her witnesses and not on the statutory presumption, it was for the jury to say whether there was in the first place sufficient proof of injury inflicted by appellee. The very thing upon which the statute hangs the presumption is the thing here in dispute.